Tompkins, J.,
delivered the opinion of the Court.
McCausland, administrator of Christopher M. Price, sued Laberge in the Circuit Court, and there had judgment by default. To reverse that judgment, Laberge prosecutes this writ of error. It is stated in the declaration that Joseph Laberge by his deed covenanted and promised that he and Salla his wife, should and would at any time thereafter, when thereunto requested, make, sign, seal and deliver to the said Price or to his heirs or assigns, or to such other persons as he or they might request, a good general warranty deed, in fee simple, for a certain tract or parcel of land, &c.; and it is assigned as a breach of the covenant, that Price being dead, the administrator requested Laberge to make to Price’s legal representatives, a deed such as is set out in the covenant, and to cause the same to be executed by his wife. It is assigned for error, that the declaration is bad, and that the administrator had no right of action.
Our statute (see Revised Code, p. 106, sec. 40) makes real estate subject to the payment of the debts of the deceased. The 38th section of the act concerning executors and administrators, authorizes the Probate Court to .order the executor or administrator on application of any person interested, to complete the payments on Sands which the deceased in his life time may have purchased and not paid for, and provides that land thus acquired may be disposed -of as other real estate of the deceased. Many persons may have an interest in the lands of an intestate under our *402 laws. Thence it becomes necessary as well as convenient, that some person should be designated by the statute to take charge of them, and to sue and recover on contracts for the conveyance of such lands. No person can be better suited for that purpose than the administrator, whether the object be to obtain a conveyance, or damages for a breach of contract. We are inclined to think that the action was well brought by the administrator. But we are not of opinion that a sufficient request was stated in the declaration.
The administrator with the will annexed, as in this case, ought to be able to point out to whom the land ought to be conveyed, whether it be devised or descend to the heir at law, and should have requested the defendant (appellant) to convey to the proper persons. It would seem too that it should have been stated in the declaration to whom the promise to make, &c., the deed was made. We are of opinion that the declaration is bad, and therefore the judgment is reversed aud the cause remanded to the Circuit Conrt, to be proceeded in conformably to this opinion.