## AUBUCHON, Appellant. v. LORY, Respondent.

1. An action can not be maintained by an executor or administrator as such to recover damages for trespass upon realty belonging to the estate of the testator or intestate. The action should be brought in the name of the heir or devisee.

### *Appeal from St. Louis Land Court.*

This was a suit originally commenced before a justice of the peace. The plaintiff, Cecille Aubuchon, styled herself in her complaint "Administratrix of the estate of G. Aubuchon, deceased," and complained that defendant, Lory, "did take and move fence off the lands belonging to the estate of the said G. Aubuchon, deceased." In the summons issued by the justice, plaintiff is styled "executrix." The defendant pleaded title in himself, whereupon the cause was removed to the Land Court. In the Land Court, a motion to dismiss the suit was made on the ground that plaintiff could not, as executrix, sue for damages to the realty. On the hearing of this motion, although plaintiff, orally by attorney, alleged title in her individual right, the court sustained the motion and dismissed the suit; whereupon plaintiff appealed.

*A. J. P. Garesché*, for appellant.

*S. H. Gardner*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

The plaintiff, as executrix, instituted an action in a justice's court for an alleged trespass upon her testator's land, committed since his decease, which, on a plea of title, was removed into the Land Court, where it was dismissed upon the ground that the plaintiff could not maintain a suit in that capacity for the alleged wrong.

The judgment must be affirmed. The real estate of a deceased person descends, upon his death, to his heirs, or passes to the devisees under his will. By the common law, the per-

sonal representative, whether executor or administrator, takes no interest in it, and our statute gives him nothing but the naked power to sell for the payment of debts, or to make short leases, under the direction of the county court. The right to the possession, therefore, belongs to the heirs or devisees, and they only are the proper parties to sue for any injury to it. It is upon this principle that executors and administrators, as such, are not allowed to maintain actions of ejectment. The judgment is affirmed.