THOMAS L. STURGEON, Administrator of WILLIAM CHAMBERS, deceased, Appellant, *v.* ORLEANA C. SCHAUMBURG *et als.*, Respondents.

1. *Covenant—Heirs—Administrators.*—A., B. and C. having made partition among themselves of land which they held as tenants in common, made an agreement under seal, that in case of any suits being prosecuted by or against either of them involving the title under which they claimed, the expenses should be equally borne by the parties, and for the performance of this agreement they bound themselves, their heirs and personal representatives. After the death of all the parties, suits involving the title of their grantors were prosecuted by and against the heirs, and the administrator of C., who sued the heirs of B. for contribution. *Held,* that the covenant was personal, affecting only the acts of the parties themselves, and did not extend to the acts of the heirs in prosecuting or defending suits.

2. *Lands—Heirs—Administrators.*—At the death of a party his lands descend to his heirs or devisees, and the personal representative takes no interest therein but a naked power to sell for the payment of debts. The possession of the land as well as the defence of the title belong to the heirs or devisees alone, and the administrator has nothing to do with it.

*Appeal from St. Louis Circuit Court.*

*B. A. Hill,* for appellant.

*Glover & Shepley,* for respondents.

HOLMES, Judge, delivered the opinion of the court.

The case comes to this court by appeal from a judgment on demurrer to the petition. The suit was founded upon a written contract under seal between William Chambers, William Christy, and Thomas Wright, dated Aug. 30, 1830. The parties had previously made a partition among themselves of a tract of land held by them as tenants in common under Louis Labeaume, and the general tenor of the contract related to costs and expenses to be incurred in prosecuting or defending the title to the lands so divided in partition, and to the equalization of losses which might be sustained by reason of defects in the title; and the particular clause which was made the foundation of this action read as follows: "And in the event of any suit or suits being prose-

cuted by or against the parties aforesaid, or either of them, involving the title of the original grant to Louis Labeaume, the expenses shall be equally borne by the parties hereto." The previous clauses related to suits and matters then pending and existing; the whole contract terminating with this clause, "for the performance of which we bind ourselves, our heirs, executors, and administrators."

The suit is brought by the administrator of William Chambers against the heirs and devisees of William Christy, who died in 1837, and for expenses of suits concerning the title to said lands which were prosecuted or defended by the administrator after the decease of the original party whom he represented.

We think the demurrer was well taken. The contract concerned the personal acts of the persons named only, and related to suits to be prosecuted by or against them or either of them, and at least commenced during the life of the party concerned, and to expenses which should be incurred in such suits. It did not embrace suits and expenses which should arise after the decease of the contracting parties, and be prosecuted or defended by their heirs and devisees, or legal representatives. The whole scope of the agreement was confined to the immediate parties, to acts to be done by either one of them, and to suits which were at least begun to be prosecuted or defended by him in his lifetime and to the expenses to be incurred therein. If any demand had arisen upon a breach of this contract in favor of William Chambers in his lifetime, or after his decease, it would doubtless have been a debt against the other parties or their estates. No such demand ever arose or existed under the contract, upon this petition.

If the suits in which the expenses sued for were incurred had been commenced by or against William Chambers in his lifetime, there is authority for saying that his administrator might have been bound to go on with them to their termination, and that all the expenses incurred therein, either before or after his decease, would have been incurred un-

der this contract and by authority of its provisions, and that the debts thus created against the other parties, or their heirs, devisees, and legal representatives, would have been assets of the estate of William Chambers for which his administrator might sue in his representative capacity; for this would not have been a personal engagement merely to be performed by the party himself only, depending upon his personal judgment, skill and taste, and it might have been implied that he undertook and covenanted to prosecute or defend such suit to the end, and that the other parties covenanted to pay to him or his personal representatives their respective proportions of the expenses to be incurred therein —Marshall v. Broadhurst, 1 Cromp. & Jer. 403; S. C. 1 Tyr. 348; Siboni v. Kirkman, 1 Tyr. & Gr. 777; Edwards v. Grace, 2 Mees. & W. 190; Chit. on Cont. 98. Wherever the testator is bound by the covenant, his executor or administrator is bound also, unless it be such a covenant as was to be determined by his death, or was to be performed by him in person; he is not bound by a covenant for the personal act of the testator, unless there be a breach in his lifetime, but he may be bound to do a personal thing which the testator undertakes to do, and which is not determined by his death, but may be performed or completed by his personal representative, who may be said to represent him as to the performance of covenants which are by covenants to be performed, as well after as before his decease, but not as to covenants never made or things which he never undertook to perform at all—2 Wms. Ex'rs, 1487; 3 Com. Dig. (tit. Cov. C 1) p. 263, & B 1, p. 260; Thurseden v. Warthen's Ex'r, 2 Bulst. 158; Cro. Eliz. 553; Hovey v. Newton, 11 Pick. 42; Labarge v. McCausland, 3 Mo. 585.

The party here did not covenant that he would prosecute or defend all such suits as might thererfter be brought, nor that he would pay the expenses thereof; and it is not the case of a breach of covenant on his part to be performed. The contract is to be construed with reference to the subject matter and according to the intentions of the parties—Browning v.

Wright, 2 Bos. & P. 13; Sto. on Cont. § 567. We cannot add anything to the terms in which it is expressed. It may be understood as a power given to incur expenses in any suit prosecuted by or against either of the parties involving the title in question, and to charge the other parties with their respective portions thereof. The charges so authorized are made a debt against them, for the payment of which they bind themselves, their heirs, executors, and administrators. This power is given to William Chambers, but not to his heirs or legal representatives; they are not named or designated in the contract as grantees of any such power. It is not said that his heirs or legal representatives may incur such expenses at their charge, nor that they, their heirs, or legal representatives, would be liable for the expenses of all suits that might be commenced, or prosecuted, or defended, after the decease of all the immediate parties by such heirs or legal representatives in all future time. The expenses sued for were incurred after the decease of all the original parties to the contract. We do not see how the administrator could derive any authority from this instrument to prosecute or defend these suits, or to incur the expenses, at the charge of the defendants or their ancestors; and it is needless to inquire by what authority he did actually proceed. The real estate descended to the heirs or passed to the devisees; the personal representative takes no interest in the lands descended, but a naked power to sell for the payment of debts, and the possession as well as the defence of the title belongs to the heirs and devisees. The administrator had nothing to do with it—Aubuchon v. Lory, 23 Mo. 99.

This does not belong to the class of covenants which run with the land and concern the tenure and enjoyments of the property conveyed. It is purely a personal and collateral covenant; and there is no such privity of contract between the parties here as can bind them any further than they are expressly bound by the terms of the written instrument—Hund v. Curtis, 19 Pick. 459; 2 Washb. Real Prop. 16; 1 Smith's Lead. Cas. (4th ed.) 118; 3 Com. Dig. (tit. Cov. C

3 & A 2) pp. 256–65. There is no debt against the defendants or their ancestors, arising under the contract, which would be assets to be recovered by the plaintiff; and it is therefore unnecessary to inquire in what manner any such debt could be enforced against these defendants, as heirs and devisees, after administration closed.

Judgment affirmed. The other judges concur.