CARRHART, administrator, respondent, v. MONTANA MIN-ERAL LAND AND MINING COMPANY, appellant.

DESCENT OF QUARTZ LODES.  The statutes of this Territory, which regulate the descent and distribution of real property, are applicable to quartz lodes.

ADMINISTRATOR CANNOT MAINTAIN REAL ACTIONS.  An administrator cannot maintain an action of ejectment for the possession of realty, or trespass for damages to the same.

*Appeal from the Second District, Beaverhead County.*

THIS action was tried by KNOWLES, J.

The facts are stated in the opinion.  The fourth ground of the demurrer to the amended complaint was as follows : " Complaint shows that there is an administrator of the estate of George Carrhart, and defendants demur to mis-joinder of parties, on the ground that the action should be prosecuted in the name of the administrator alone."  The arguments of counsel upon questions that are not decided by the court are not reported.

WORD & SPRATT, for appellants.

The complaint does not state facts sufficient to constitute a cause of action.  The respondent has no interest in the property, or right to the possession of the same.  At common law, the realty of the deceased descends to the heir when there is no last will ; in no event does it go to the administrator, nor does the administrator acquire any interest in, or right of possession to, the same.  1 Will. on Exec. 560, 568, 715 ; *Smith* v. *McConnell*, 17 Ill. 135 ; *King* v. *Jones*, 1 Eng. C. L. 223 ; *Emeric* v. *Penniman*, 26 Cal. 122.

The common-law doctrine has been adopted in this Territory. Acts 1865, 356. Under our statutes, the administrator can have no title, interest or right to the possession of the realty of his intestate. Acts 1865, § 1, art. 2, p. 285. He has nothing but the naked power to sell for the payment of debts, or make short leases under the direction of the probate court. The right to the possession belongs to the heirs or devisees, and they are the proper parties to sue for an injury to the same, or maintain ejectment. The administrator is not the real party in interest. Civ. Prac. Act, § 4.

Our statute of descent and distribution was in force in this Territory before the suit was commenced. Acts 1867, p. 64, § 1. The administrator cannot take any interest in the realty of the intestate. *Salmon* v. *Symonds*, 30 Cal. 301. Our administration law and the law of descents and distributions are literal copies from the laws of Missouri. The administrator cannot maintain an action of ejectment, or possess or control the realty of the intestate. *Burdyne* v. *Mackey*, 7 Mo. 374; *Aubuchon* v. *Lory*, 23 id. 99; *Sherman* v. *Dutch*, 16 Ill. 285; *Hopkins* v. *McCan*, 19 id. 113.

The decisions of California, New York and other States are based upon different statutes, that have repealed the common law and authorized the administrator to possess and control the realty.

The defendants were entitled to judgment on the facts found by the court below. The judgment is void. The respondent is a stranger to the whole matter. The respondent's claim was barred by the statute of limitations of Montana.

C. MEAD and H. N. BLAKE, for respondent.

The appellant, having filed no statement, cannot complain of any error outside of the judgment roll. *Harper* v. *Minor*, 27 Cal. 107; *Wetherbee* v. *Carroll*, 33 id. 553.

The objection that the plaintiff has not the legal capacity to sue must be raised by demurrer under that head. It cannot now be urged, under the sixth subdivision, that the

complaint does not state facts sufficient to constitute a cause of action. 2 Whit. Pr. 54; Civ. Prac. Act, §§ 40, 44, 45; *Connecticut Bank* v. *Smith*, 17 How. Pr. 487; *Bank of Lowville* v. *Edwards*, 11 id. 216; *Bank of Havana* v. *Wickham*, 16 id. 97.

The judgment will not be reversed if it can be gathered from the complaint, as a whole, that plaintiff has any cause of action. *Summers* v. *Farish*, 10 Cal. 347; *Hallock* v. *Jaudin*, 34 id. 174.

An administrator may sue without joining with him the persons for whose benefit the action is prosecuted. Civ. Prac. Act, § 6. The administrator must commence and prosecute all actions which may be maintained, and are necessary in the course of his administration. Acts 1865, 288, § 23.

The administrator, under the laws of Montana, has a right of possession to the real and personal property of the deceased. Acts 1865, 271, § 14; 272, § 18; 277, §§ 46, 47; 282, § 66; 285, §§ 1, 2, 3, 4; 291, §§ 42, 43. The administrator in this action is the proper plaintiff. Defendant objected to the joinder of the heirs by demurrer, and insisted that the action should be prosecuted in the name of the administrator alone. Defendant's demurrer, fourth ground. *Harwood* v. *Mayre*, 8 Cal. 580; *Curtis* v. *Herrick*, 14 id. 119; *Curtis* v. *Sutter*, 15 id. 264; *Meeks* v. *Hahn*, 20 id. 628. The action of the court in striking out the names of the heirs as plaintiffs, if erroneous, cannot be taken advantage of by appellant. It was a ruling, requested by appellant, and appellant cannot complain of an error of court committed in its favor. *Gaven* v. *Dropman*, 5 Cal. 342; *Wilkinson* v. *Parrott*, 32 id. 102.

The complaint is sufficient. *Payne* v. *Treadwell*, 16 Cal. 242; *Halleck* v. *Mixer*, id. 577; *Salmon* v. *Symonds*, 24 id. 266; *Carpenter* v. *Schmidt*, 26 id. 512; *Duncan* v. *Duncan*, 19 Mo. 368.

The act regulating descents and distributions in Montana, approved November 21, 1867, does not apply to this case, George Carrhart having died in May, 1863.

SYMES, J. This was an action brought by plaintiff as administrator against the defendant, in the nature of ejectment, for the possession of a claim on a quartz lode and damages for detention. The complaint was first filed in the name of the administrator alone; an amendment was allowed on motion of plaintiff, making several persons, alleged heirs at law, parties, an amended answer and replication filed, and then, on the trial, on motion of defendant, some of the heirs, who had been made, parties by amendment, were stricken from the record, and, on motion of plaintiff, the other alleged heirs were stricken from the record, leaving the case to proceed on the amended complaint with the said administrator as sole plaintiff. The case was tried in the court below in February, 1869, a jury being waived, and judgment rendered for the plaintiff for the recovery of the quartz claim and $5,000 damages for detention. A motion for new trial argued and overruled, and appeal taken from order and errors appearing on the record.

There was no regular statement on motion for new trial, and the only question appearing for the consideration of this court is, does the complaint state facts sufficient to constitute a cause of action?

The complaint alleges that George Carrhart died in the month of May, 1863, intestate, seized and possessed among other things of claim number seven, west from discovery, on Dacota quartz lode, in Beaverhead county, Montana, containing one hundred feet on said lode; that on the 7th of November, 1864, plaintiff was duly appointed administrator of the estate of said deceased; that said estate was still unsettled, and plaintiff is still administrator thereof. Further, that William Carrhart and several other heirs, some minors, claim an interest in the estate of the said deceased, being next of kin to and legal representatives thereof; that there were no other heirs or legal representatives of deceased who have an interest in the action; that the value of the property is $5,000; that while said plaintiffs were in possession and entitled to the possession of said property, on or about the 7th day of May, 1867, the said defendants wrongfully

and unlawfully went upon and took possession of said property, depriving the plaintiffs of their true and rightful possession thereof ; that they have and are continuing to hold their unlawful possession of said property, and have for a long time, *to wit :* from on or about the 7th day of May, 1867, worked and continue to work upon and mine the same, and are setting up and claiming a false and pretended title to the same to the damage of the plaintiffs of the sum of $2,500, and that they have taken and continue to take large amounts of gold quartz and other valuable minerals from the said claim and property, to the further damage of $2,500. Plaintiffs ask for possession of property, that the title set up by defendants be declared null and void, that they have judgment for damages, and that a receiver be appointed to take charge of the property during pendency of suit, and for other proper relief.

The answer denies allegations of complaint and sets up some new matter and a reply was filed ; but as the only question arising is as to the sufficiency of the complaint to sustain the findings and judgment of the court below it is unnecessary to consider them. Two questions are involved in the decision of this case :

First, is the property sued for in this action real estate ?

Second, if so, can the administrator, as such, sue for and recover possession and damages done to the realty after death of decedent and for withholding the same ? By the statute law of this Territory all claims on quartz lodes or mineral are made real estate, and it provides that they shall descend to their heirs and assigns. Act December 26, 1864. And quartz claims have been treated and governed by the rules applicable to real estate by the supreme court of California. We are of opinion that quartz lodes in this Territory are to be governed by the rules applicable to the descent and distribution of realty.

Second, it is unnecessary to dwell upon the common-law doctrine that all realty descends to, and vests in, the heirs on the death of the testator, and that the executor or ad-

ministrator cannot maintain ejectment for possession, or trespass for damages to the same.

Does the statute law of this Territory change the common law so as to give the administrator this right? The chapters of our law in regard to descents and distributions and administration of estates are almost literal copies from the Missouri statute; and the first, second, third and forty-second sections of the chapter governing administration — which are relied on, in this case, by respondents to sustain the position that the administrator, as such, can maintain ejectment for real estate of deceased — are, in effect, the same. It is contended that the act relating to descents and distributions, passed November 21, 1867, and which provides that all real estate should descend to the heirs or devisees, being after death of decedent herein, although before commencement of this suit, does not govern in this case. But this is immaterial as it is, as to the question in this case, declaratory of the common law.

In *Burdyne* v. *Mackey, executrix of Mackey,* 7 Mo. 374, 375, the question is discussed; and the court, SCOTT, J., say, "that it is not contended that the right of an executor or administrator to maintain ejectment, or that the title to realty vests in him, has any countenance at common law." That this right must be derived from statute, and it must be supposed that such an innovation, so much at variance with the opinion of all those instructed in the science of the common law, the introduction of which into our Code must unsettle and disturb so many principles heretofore established, should derive its existence, not from mere implication, but from express enactment. And in *Aubuchon* v. *Lory,* 23 Mo. 99, which was an action of trespass by an administratrix for damage to real estate of decedent, the court cited the common law to show that it cannot be maintained, and state that the statute which gives the administrator power to sell for payment of debts, and to make short leases, under direction of the probate court, vests no interest in the real estate in him. Although our statute provides, in the section referred to — being the same as the

Missouri statute — that the administrator shall take possession of all evidences of title to real estate, and make an inventory of all real and personal estate, and sell the same on petition for the payment of debts, and make leases of the same, not longer than one year, under direction of the probate court, that does not, under the construction given by the supreme court of Missouri, vest any title or interest in the administrator, or give him the right to maintain ejectment. We think the construction given by the supreme court of Missouri correct in principle, and according to the intention of the legislature. Had the legislature intended to vest the title or possession of the realty, for the purpose of administration and distribution to the heirs, in the administrator, they would certainly have provided for his taking possession of the same; but they provide for his taking possession of the evidences of title and returning inventory of realty, and not for taking possession thereof — evidently intending that he should look after the realty for the benefit of the heirs. And, also, under the direction of the probate court, he may lease it, not longer than one year — evidently meaning until the heirs can be notified and take possession. The authorities referred to by respondent in California, to sustain their position, are under special statutes, and have no force here.

The complaint in this case alleges that the plaintiffs, the administrator and heirs, were, after the death of the deceased, and before the commencement of the suit, the owners, and in possession of the quartz claims sued for; and that, being in possession, the defendants unlawfully ousted them, and still hold possession, and have been taking out quartz ore, and thereby damaged the realty $5,000. Before the trial all the heirs were stricken from the record, leaving the allegations of the complaint the same, to wit: that they were the owners in possession, and have been ousted therefrom by the defendants. Upon these allegations judgment was rendered for the plaintiff, the administrator, for the recovery of the possession of said property, and $5,000 damages for ouster and detention. The allegations of the complaint are

not sufficient to support this judgment, and it must be reversed.

The case seems to have been tried below without this question having been argued, for the names of the heirs were all stricken from the record on the suggestion of both parties.

Judgment reversed and cause remanded.

*New trial granted.*