BLACK, ADMINISTRATOR, ETC., appellant, *v.* STORY ET AL., respondents.

*An administrator may maintain ejectment in his own name for real estate of a decedent, against a trespasser — Statutes construed.* — Under sections 127, 532, 225, 226, division 2, Revised Statutes of Montana (secs. 127, 532, 225, 226, div. 2, Comp. Stats. Mont.), and section 6, division 1, Revised Statutes of Montana (sec. 6, div. 1, Comp. Stats. Mont.), an administrator has a right to the possession of the real estate of the decedent of whose estate he is administrator, and may bring ejectment in his own name as administrator, for the possession of the same, against a trespasser.

PLEADING. — *The complaint, in an action of ejectment by an administrator against trespassers, need not allege the filing of an inventory, and appraisement.* — In the case at bar, the complaint failed to allege that the real property described therein was ever inventoried or appraised, or an inventory or appraisement thereof returned and filed in the office of the probate judge, as provided for in sections 118, 126, division 2, Revised Statutes of Montana (secs. 118, 126, div. 2, Comp. Stats. Mont.): *held,* that the filing of an inventory and appraisement, as required by said sections, is not a prerequisite to the taking possession of the property of a decedent by an administrator; and that the allegations omitted in the complaint were·unnecessary, at least in an action brought against trespassers.

*Appeal from District Court, Gallatin County.*

L. A. LUCE and F. K. ARMSTRONG, for the appellant.

Defendants in the court below, in support of their demurrer, cited *Carrhart* v. *Montana Mineral L. & M. Co.,* 1 Mont. 245, and the court, following that case, sustains the demurrer. That case was decided on a different statute from the one in force at the time the case at bar was instituted. Under the provisions of the Probate Practice Act, approved February 16, 1877, the executor or administrator is entitled to the possession of all the real and personal estate of the decedent. See sec. 127, p. 214, and sec. 532, p. 282, div. 2, Rev. Stats.; see also sec. 225, p. 235, and sec. 226, p. 236, div. 2, Rev. Stats. Mont. The administrator is the proper plaintiff in this action, and may sue without joining with him the person for whose benefit the action is prosecuted. Sec. 6, div. 1,

Rev. Stats. Mont.; *Chapman* v. *Hollister*, 42 Cal. 462; *Meeks* v. *Kirby*, 47 Cal. 168; *McCrea* v. *Haraszthy*, 51 Cal. 146; *Harper* v. *Strutz*, 53 Cal. 655.

R. P. VIVION, for the respondents.

The complaint does not state facts sufficient to consti-tute a cause of action. The administrator, as such, has no interest in the estate of the decedent further than that prescribed by statute. Secs. 225, 227, pp. 235, 236, and secs. 122, 128, p. 214, Rev. Stats. Mont. The com-plaint does not allege that the real property described therein was ever inventoried or appraised, or an inven-tory or appraisement thereof returned and filed in the office of the probate judge. Hence said complaint is insufficient. See secs. 116, 126, div. 2, Rev. Stats. Mont. Every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in the act. Sec. 4, p. 42, Rev. Stats., also secs. 15, 18, 19, p. 43. The last-cited sections of the statutes must be construed with section 532, page 282. The real estate of an intestate, not only by the common law, but by the statute, descends at once to his legal heirs, and the legal title is vested in them, subject only to the right of the administrator under the order of the proper court to sell so much of it, after the personal estate has been exhausted, as is necessary to satisfy the debts of the intestate. *J. W. Overturf & Co.* v. *James Dugan*, 29 O. T. P. 230. Our statute expressly provides that the heirs or devisees may by themselves, or jointly with the executor or administrator, maintain an action for the recovery of the possession of the real property, or for the purpose of quieting title to the same. Sub. 2, sec. 122, p. 214, Rev. Stats. The appellant in this case has no interest in the real estate of the intes-tate, not only at common law, but by our statute. The realty of the decedent descends to the heirs when there is no last will. In no event does it go to the adminis-

trator, nor does he acquire any interest therein. 1 Williams on Executors, 560, 568, 715; *Smith* v. *McConnell*, 17 Ill. 185; *Emeric* v. *Penniman*, 26 Cal. 122; Rev. Stats., sec. 532, p. 282; *Carrhart* v. *M. M. L. & M. Co.*, 1 Mont. 245. The administrator has no authority over the real estate of an intestate, except to sell in pursuance of an order of sale properly issued. *Broadwater* v. *Richards*, 4 Mont. 80.

TOOLE & WALLACE, for the appellant, in reply to brief of respondents.

It is enough that appellant alleges that he is entitled to possession, and that respondent is a trespasser, and by proof of any fact showing such right he is entitled to recover, unless a special demurrer has been interposed requiring him to more specifically set out the facts relied upon to support his allegations. As to the point made by respondents, that the action is not prosecuted in the name of the real party in interest, it is not made one of the grounds of demurrer under our statute. See Rev. Stats. Mont., p. 55, sec. 85. But see sec. 6, p. 42; *Hentsch* v. *Porter*, 10 Cal. 555; *Harper* v. *Chamberlain*, 11 Abb. Pr. 234. If, then, appellant is entitled to possession only for the purposes of administration, and the respondent brought himself within the rule requiring an adjudication of the title in fee, and it became necessary on that or any other account for the heirs to be joined, this defect or misjoinder must be taken advantage of by demurrer or answer. See Rev. Stats. Mont., subd. 4, sec. 85, p. 55; *Parchen* v. *Peck*, 2 Mont. 567. The administrator of an estate under the different provisions of our statute stands in the same relations with respect to the right of possession, as against a trespasser or stranger to the title, as an executor has, where by the provisions of the will he is authorized to enter upon the premises and lease or otherwise dispose of them. Sedg-

wick and Wait on.Trial of Titles to Land, p. 112, sec. 211.

THE opinion states the case.

GALBRAITH, J.   This is an appeal from a judgment rendered in consequence of a demurrer having been sustained to the complaint.   The action was brought by the appellant, as administrator, to recover the possession of certain real estate.   The demurrer was upon the ground that, as a matter of law, he could not, as such administrator, maintain an action for the possession of real property.   It was determined in the case of *Carrhart* v. *Montana Mineral Land and Mining Co.*, 1 Mont. 245, that an administrator could not maintain an action in ejectment for the possession of real estate.   But that decision was rendered under a different statute in relation to this subject from that now in force.   This court in that case substantially held that the chapters of our law in regard to descents and distributions being almost literal copies of the Missouri statutes, and having been construed by the supreme court of that state, and such construction appearing to be correct in principle and according to the intention of our legislature, that such construction should be adopted.   But this court in that case says: " Had the legislature intended to vest the title or possession of the realty, for the purpose of administration and distribution to the heirs, in the administrator, they would certainly have provided for his taking possession of the same; but they provide for his taking possession of the evidences of title, and returning inventory of realty, and not for taking possession thereof,—evidently intending that he should look after the realty for the benefit of the heirs.   And also, under the direction of the probate court, he may lease it not longer than one year,—evidently meaning until the heirs can be notified and take possession."   This decision, therefore, is based upon the

ground that, under the statute then in force, the administrator was not entitled to the possession of the real estate of the decedent. It was rendered at August term, 1870.

It will be seen by reference to the probate act, approved February 16, 1877, that provision is made by the legislature that the administrator may take possession of the real estate of decedent. Section 127 of this act provides as follows: "The executor or administrator is entitled to the possession of all the real and personal property of the decedent, and to receive the rents and profits of the real estate, until the estate is settled, or until delivered over by order of the probate court to the heirs or devisees, and must keep in good tenable repair all houses, buildings, and fixtures thereon which are under his control. The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of real estate, or for the purpose of quieting title to the same, against any one except the executor or administrator." Rev. Stats. 1879, div. 2, p. 214. Section 532 of the same act reads as follows: "The property, both real and personal, of one who dies, without disposing of it by will, passes to the heirs of the intestate, subject to the control of the probate court, and to the possession of any administrator appointed by that court for the purposes of administration." Id. 282. The following are sections 225 and 226 of the same act: "The executor or administrator must take into his possession all of the estate of the decedent, real or personal, and collect all debts due to the decedent or to the estate. For the purpose of bringing suits to quiet title, or for partition of such estate, the possession of the executor or administrator is the possession of the heirs or devisees. Such possession by the heirs or devisees is subject, however, to the possession of the executor or administrator, for the purposes of admin-

istration, as provided in this title." "Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators, in all cases in which the same might have been maintained by or against their respective testators or intestates." Section 6, division 1, Revised Statutes, page 42, reads as follows: "An executor or administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person or persons for whose benefit the action is prosecuted."

By virtue of the above statutory provisions, the administrator is expressly given the right to the possession of the real estate of the decedent, and may bring ejectment in his own name, as administrator, for the possession thereof, as against the respondents, who, so far as this record shows, are mere trespassers.

It is claimed that the complaint is insufficient in that it does not allege that the real property described therein was ever inventoried or appraised, or an inventory or appraisement thereof returned and filed in the office of the probate judge, as provided for in sections 118 and 126 of the act above referred to. These are as follows: "Every executor or administrator must make and return to the court, at its first term after his appointment, a true inventory and appraisement of all the estate of the decedent, including the homestead, if any, which has come to his possession or knowledge." Section 126: "Whenever property, not mentioned in an inventory that is made and filed, comes to the possession or knowledge of an executor or administrator, he must cause the same to be appraised in the manner prescribed in this article, and an inventory thereof to be returned within two months after the discovery; and the making of such an

inventory may be enforced after notice, by attachment or removal from office."

It will be observed that no time is mentioned within which the administrator shall take possession of the property, real or personal, of the decedent, but that a time is mentioned within which he shall file an inventory. But it cannot be contended that under the foregoing provisions of the statute the administrator may not have possession of the real estate before the time arrives for the filing of the inventory, if he can have it at all, which, as we have before seen, he may. This alone is a strong reason for holding that it was not the intention of the legislature to make the taking possession of the real estate dependent upon the filing of the inventory. Certainly the filing of an inventory is not expressly made a prerequisite to the taking possession of the property, nor do we think it is made so by implication. These provisions are not, we think, intended by the legislature as requisite preliminaries to the taking possession of the property of the decedent, but for the benefit and protection of the estate, and as a guide to the probate court in relation to matters of administration. It was not necessary, therefore, that they should be set out in the complaint, at least in an action for the possession of real estate, where there is nothing in the record to show but that the defendants are mere trespassers.

Judgment reversed, and cause remanded, with instructions to the court below to overrule the demurrer.

*Judgment reversed.*

McCONNELL, C. J., and BACH, J., concur.