Thorp, *Administrator, Appellant,* v. Miller *et al.*

Division Two, February 2, 1897.

1. **Practice**: PETITION: DEMURRER: BILL OF EXCEPTIONS. A demurrer to a petition is a part of the record and need not be preserved by a bill of exceptions.

2. **Land and Land Titles**: HEIRS AND DEVISEES: ADMINISTRATION. The land of a decedent descends to his heirs or the devisees named in his will, and its possession and the defense of the title and all the incidents pertaining to it devolve upon them, and the personal representative has nothing to do with it.

3. ———: RENTS: ADMINISTRATION. An administrator may, under the order of the probate court, rent the lands of his decedent and maintain an action for their recovery (R. S. 1889, sec. 129), but without such order he has no control over the lands belonging to the estate of the deceased.

4. **Administration**: FRAUD: SHERIFF'S SALE, SUIT TO SET ASIDE. An administrator can not maintain a suit to set aside a sheriff's sale of decedent's land under foreclosure, upon the ground of fraud.

5. ———: ———: ———: PETITION. A petition in a suit by an administrator to set aside a sheriff's sale of land of decedent under foreclosure upon the ground of fraud, which alleges that the court had no legal authority to make the order of sale, is insufficient, as in such case the sale was void and no ground existed for invoking the aid of a court of equity.

*Appeal from Cass Circuit Court.*—Hon. W. W. Wood, Judge.

AFFIRMED.

*W. L. Jarrott* and *Burney & Burney* for appellant.

(1) The petition states good grounds for setting aside and vacating the sheriff's sale under execution. *McKee v. Logan*, 82 Mo. 528; *Cole County v. Madden*, 91 Mo. 592; *Keiser v. Gammon*, 95 Mo. 217. (2) This

proceeding is, by the terms of the statute, to be conducted in the same manner and with like effect as though it were a judgment and execution in a foreclosure proceeding in the circuit court. R. S. 1889, sec. 8059. (3) Ever since the enactment of the revised code of procedure in 1845, the personal representative of a deceased mortgagee is the only necessary party to an action to foreclose the mortgage. R. S. 1889, secs. 7082, 7083; *Miles v. Smith*, 22 Mo. 502; *Perkins v. Woods*, 27 Mo. 547; *Turney v. Spiva*, 97 Mo. 101; *Hall v. Klepzig*, 99 Mo. 83. (4) The foreclosure proceeding being against the personal representative of the deceased mortgagor, it was proper for such personal representative, Wm. H. Thorp, administrator, to bring this action to set the sale thereunder aside, for the reasons given in petition, and to have a resale of the real estate.

*Edw. O. Jackson, R. T. Railey*, and *Noah M. Givan* for respondents.

(1) At the death of a party his real estate descends to his heirs or devisees, and the administrator takes no interest therein but the naked power of sale for the payment of debts. The possession of the land, as well as the defense of the title, belongs to the heirs or devisees alone, and the administrator has nothing whatever to do with it; and no right to lease or control it. R. S. 1889, sec. 129; *Chambers v. Wright*, 40 Mo. 482; *Aubuchon v. Lory*, 23 Mo. 99; *Ritchie v. Withers*, 72 Mo. 556; *Dilinger v. Kelly*, 84 Mo. 565; *Frost v. Atwood*, 73 Mich. 67; 16 Am. St. Rep. 560; *Walbridge v. Day*, 31 Ill. 379; 83 Am. Dec. 227; Woerner's Adm'n, secs. 276, 279, 338. *First.* The equity of redemption in the mortgagor descends to his heirs at his death. 1 Woerner's Adm'n, p. 595; *Dunning v. Bank*, 61 N. Y.

497; 19 Am. Rep. 293; *Wright v. Rhodes,* 2 Sims & Stuart, 323. *Second.* In a suit to enforce a vendor's lien for specific performance of a contract for the sale of land, the heirs are necessary parties, and their presence can not be dispensed with. *Leper v. Lyon,* 68 Mo. 218; *Ross v. Julian,* 70 Mo. 212; *Rogers v. Wolf,* 104 Mo. 1; *Perry v. Roberts,* 23 Mo. 221; *Haley v. Simpson,* 113 Mo. 340. *Third.* Plaintiff, as administrator, is not the real party in interest, as appears from the petition, and therefore can not maintain this action. R. S. 1889, sec. 1990. (2) An administrator derives his authority to take and administer the assets of his intestate from the laws of the state in which he is appointed. *Naylor's Adm'r v. Moffatt,* 29 Mo. 126; *Cabanne v. Skinker,* 56 Mo. 357; *In re Partition Est. Ames & Co.,* 52 Mo. 290; *State ex rel. v. Osborn,* 71 Mo. 86. *First.* At common law the administrator had nothing whatever to do with the real estate of his intestate. It descended to the heirs. *McPike v. McPike,* 111 Mo. 226; *Dunning v. Bank,* 61 N. Y. 297; 19 Am. Rep. 296. *Second.* The right of a foreign executor or administrator to sue in this state has always been denied, because not allowed by the statute. *Gregory v. McCormick,* 120 Mo. 663, cases cited. *Third.* The administrator is, since the revision of 1889, section 129, prohibited by statute from renting or controlling the real estate of the deceased. He can only act after the probate court makes "an order of record," and then "upon such order" he may prosecute and maintain such action. (3) There is no such relation existing between the administrator of the deceased and the securities on his note to the county as authorizes the administrator to prosecute this suit in his own name, either with or without joining with him the said securities for whose benefit the suit was prosecuted. Only the party having the right of property, or right of possession, can

sue.  R. S. 1889, sec. 1991; *Parker v. Rhodes*, 79 Mo.
88; *Myers v. Hale*, 17 Mo. App. 204.   (4)   Even if
plaintiff could maintain this action and was a proper
party, his petition fails to state a cause of action against
defendants.     *Wooton v. Hinkle*, 20 Mo. 290; *Stuart v.
Sevrance*, 43 Mo. 454; *Boyd v. Jones*, 60 Mo. 454; *Do-
ver v. Kinnerly*, 38 Mo. 472; *Miltonberger v. Morrison*,
39 Mo. 71, and 46 Mo. 251.

SHERWOOD, J.—Action by plaintiff as administra-
tor of the estate of Cornelius Vancamp to set aside the
sale of certain real estate.
    The petition is as follows:
    "Plaintiff states that he was heretofore duly ap-
pointed, and, at the times hereinafter mentioned, was
the legally acting administrator of the estate of Corne-
lius Vancamp, deceased, late of Cass county, Missouri.
That at his death the said Cornelius Vancamp was
the owner in fee of the following described real estate
situated in said county and state, to wit: The west half
of the northwest quarter of section (15) fifteen, town-
ship (44) forty-four, of range (30) thirty, containing
eighty acres more or less, which said real estate was at
said date subject to a lien and mortgage to said Cass
county, Missouri, for the use and benefit of the town-
ship school fund of township 46, in range 32, in said
county, to secure the sum of $1,000 due to said fund
from said deceased, the same being of record in book
49, at page 396, of the records of the office of the re-
corder of deeds for said county. That on the tenth day
of January, 1894, J. H. Hatton, sheriff of Cass county,
Missouri, sold the said real estate to the defendants,
Downing Miller, and William E. Wester, and thereafter
made and executed to said Downing Miller for the use
and benefit of said two defendants a deed purporting to
convey all of said real estate to said Miller for the price

Thorp v. Miller.

and sum of $850, which said deed was delivered to said trustee and recorded in the recorder's office aforesaid on February 3, 1894. That the order under which said land was sold was and is void because made without notice and at a time when the said court had no legal authority to make such order. That no legal notice of said sale was published or given as required by the terms of the said mortgage deed or the law governing such sales.

"That by the terms of such mortgage deed the sale thereunder was to have been made before the courthouse door, but it was not so published, and the sale was not made nor advertised to be made at such place. That such sale was not made nor advertised to be made at said place. That said sale was not conducted openly and fairly, but by an agreement and combination of defendants, bidders at said sale, competition in bidding was prevented and said property sold at greatly less than its true value. That said land was reasonably worth and will sell for $2,000 in cash, but because of the unfair advantage and the fraud of defendants it was sold for greatly less than its value, viz., the sum of $850. That no notice was given of the time, place, and terms of sale, but plaintiff and the sureties on the bond secured by said mortgage, Reuben Yoder and Wm. Vancamp, learned that the sale would be made on said tenth day of January, 1894, and came to Harrisonville, Missouri, the place of said sale on said date, for the special purpose of protecting their interests and causing said land to bring at least a sum sufficient to pay all costs and the debt aforesaid, amounting at said date to about $1,300; that Reuben Yoder was invited by defendant Miller and went with him to dinner at the house of said Miller in Harrisonville, Missouri, on the date aforesaid, and, being old and feeble and hard of hearing, and not knowing from the advertisement of said sale exactly where the land

was to be sold, arrived at the place of sale too late to bid thereon, and after the same was sold to these defendants.

"That said Wester is and was at said dates the duly qualified and acting deputy county clerk of said county and Downing Miller was at said date the duly qualified and acting treasurer thereof. That about 1 o'clock or shortly before that time the said sheriff, J. H. Hatton, came to said Wester and requested him to attend said sale and represent the interests of the county thereat, and in response to said request said Wester attended said sale. That said sale was made about 1 o'clock and a few minutes earlier than such sales are usually made. That plaintiff as administrator aforesaid had procured the promise of Charles Famuliner to bid at said sale to the amount of $1,600 at least and finding said Famuliner was not present at such sale plaintiff requested defendant Miller to delay the sale until he could go and get Famuliner to come and bid on the land; to which request defendant Miller consented.

"Plaintiff not knowing that said Miller wanted the said land, relied upon his promise and assent to delay the sale until his return and when Wm. Vancamp, one of the sureties aforesaid, arrived, which was shortly before the land was knocked off to defendant, he, the said Vancamp, spoke to plaintiff about bidding and plaintiff thereupon informed said Vancamp that Miller had promised to delay and was delaying sale until said Famuliner should come, and thus prevented said Vancamp from bidding thereon. That after said plaintiff left and went to find said Famuliner, who was then in said town, but had not finished eating his dinner, the said Wester, who had been bidding on said land against said Miller, in a low tone of voice and secretly, proposed to the latter that they cease bidding against each other and one bid the land off as low as possible

for the benefit of both of them, which said proposition
defendant Miller then accepted, and thereafter no
further bids were made, but said land was knocked off
and sold to said Miller for the very inadequate price
and sum of $850, greatly less than its value. That
said Famuliner was in said city on the date aforesaid
willing and ready and able to bid off and purchase the
said land at not less than the price and sum of $1,600
but was prevented from doing so, by the unusually
early time of said sale, and by not knowing the place
of sale. That Reuben Yoder was also ready and will-
ing and able to bid the same off for at least enough to
pay the debt and costs aforesaid, but was prevented
from being present for the same reasons, and because
he was hindered by said defendant Miller.

"That said Vancamp and plaintiff were relying
upon the promise of said Miller to delay the said sale
for awhile so that said Famuliner could come up and
make the bid aforesaid, not knowing the combination
entered into between him, the said Miller, and his co-
defendant Wester, but supposing said Wester repre-
sented Cass county, and that said Miller was bidding
for the accommodation and in the interest of plaintiff.
That on the date of said sale plaintiff informed the
said county of Cass that if the sale was set aside he
could and would cause the land to bring the debt and
costs due under said mortgage, and that unless the
same was set aside they would be in danger of losing a
part of said debt. That the estate of Cornelius Van-
camp is insolvent and unable to pay its indebtedness
if this sale is permitted to stand approved, but if it be
set aside plaintiff and the sureties aforesaid on said
bond will cause the land to bring the debt of Cass
county and all costs due to foreclose the same and will
give any security or indemnity to make good such pay-
ment that this court may require.

"That plaintiff hereby tenders again into court the full amount of said debt and costs and, by reason of the premises, prays the court to set aside the sale aforesaid made by said sheriff Hatton and cancel and declare void the deed aforesaid, and order a new sale of said land, and for such other and further relief as may be right and proper.

"WM. L. JARROTT and BURNEY & BURNEY,

"Attorneys for Plaintiff."

To this petition, defendants filed demurrer as follows:

"Now come the above named defendants and demur to the petition of plaintiff in the above entitled cause for the reasons:

"1.   Said petition fails to state any right of action in plaintiff as administrator of the estate of Cornelius Vancamp, deceased.

"2.   Said plaintiff as administrator can not maintain such action against defendants in regard to the real estate in controversy.

"3.   The said petition fails to show that plaintiff is entitled to the relief prayed for or any relief whatever.

"4.   It does not appear from said petition that plaintiff or the estate of Cornelius Vancamp, deceased, has any interest in the subject-matter of this suit, but it appears from said petition that the pretended cause of action is brought for the benefit of said Reuben Yoder and Wm. Vancamp, securities on the bond described in said petition, and that the real parties in interest are not made parties to said suit.

"A. A. WHITSITT, R. T. RAILEY,

and NOAH M. GIVAN,

"Attorneys for Defendants."

The trial court held the petition insufficient, and, plaintiff declining to plead further, final judgment

went on the demurrer, and plaintiff excepted to such ruling and filed his motions for a new trial and in arrest, etc., etc.

Why such motions should have been filed and preserved in a bill of exceptions it is difficult to understand. The demurrer to the petition, being part of the record, would keep without any resort to any such preservatory process. *Spears v. Bond*, 79 Mo. 467.

The lands of a decedent descend to his heirs (or devisees if so the will reads), and the possession of the land and defense of the title and all of its incidents belong to the heirs or devisees, and the personal representative has nothing at all to do with it; no concern in the matter. *Aubuchon v. Lory*, 23 Mo. 99; *Chambers' Adm'r v. Wright's Heirs*, 40 Mo. 482; 2 Woerner, Adm'n, secs. 338, 463; 1 *Ibid.*, sec. 276.

And the equity of redemption of a mortgagor in like manner descends to his heirs.

An administrator can do certain things in regard to the real estate of his decedent, as, for example, he may, under the provisions of section 129, Revised Statutes, 1889, rent the land of the deceased, where the probate court shall so order of record, in order to the payment of debts, and shall also order that the administrator take possession of such land and rent the same, in which event, that section authorizes the administrator to maintain an action for the recovery of such land. But that section in explicit terms forbids an administrator to rent or control such real estate until such order be made.

Outside of the order of the probate court under permission and power expressly conferred by the statute, and outside of the duties which the statute prescribes, an administrator is an entire stranger to the real estate of the decedent. Thus he may purchase land of the estate sold under judgment of foreclosure

rendered by the circuit court, and take title thereto, just as any other stranger would. *Dillinger v. Kelley*, 84 Mo. 561.

The statute, under which and from which an administrator exclusively derives his powers, nowhere authorizes a probate court to order an administrator to intervene as plaintiff in an action of this kind; and if it did, there is no such order pleaded in the petition.

From the foregoing considerations, it necessarily follows that the heirs of the decedent were the only parties who could maintain the present equitable proceeding.

And, in passing, it may not be amiss to say that, aside from that, quitting the question of defect of parties, the petition is insufficient on its face in that it declares that the court had no legal authority to make the order. If this is true, then the resultant sale was void, and so no ground existed to invoke the aid of a court of equity; in a word, plaintiff by that statement has stated himself out of court, since courts of equity are not accustomed to go through the idle ceremonial of setting aside a sale made under an order which the "*court had no legal authority to make.*"

Consequently, judgment affirmed. All concur.