HARRIET McQUITTY v. R. L. WILHITE and I. V. EVANS, Administrators of Estate of W. R. WILHITE, Appellants.

Division One, March 31, 1909.

1. PLEADING: No Cause of Action: Raised on Appeal. The point that a petition states no cause of action can be raised for the first time in the appellate court, and if the point is well taken a judgment thereon will be reversed.

2. ———: ———: Contract to Convey Land: Suit Against Administrators. A petition in a suit for the specific performance of a parol contract to convey land made by decedent with plaintiff, brought against his administrators alone in their representative character, does not state a cause of action. The title to the lands is not in the administrators, and whatever control they have over them is contingent upon orders of the probate court. Nor is the defense of the title for the administrator, but for the heir or devisee.

3. ———: ———: ———: ———: Statute. Under Sec. 173, R. S. 1899, providing that a vendee, having a contract in writing from the decedent for the conveyance of real estate, may present a petition to the probate court setting forth the facts and asking that the administrator be required to specifically perform by making a deed; and under Sec. 175, R. S. 1899, providing that in such suit notice must be served upon the administrator and also on the heirs and devisees, the suit against the administrator cannot be maintained unless the contract is in writing. The statute does not apply to parol agree-

ments to convey real estate. If the suit is for the specific performance of a parol agreement to convey land, the suit should be brought against the heirs or devisees, and if brought against the administrator alone in his representative character it cannot be maintained.

4. —————: —————: —————: —————: Power to Sell to Pay Debts: Defense of Title. The bare naked contingent right to sell real estate to pay debts does not give the administrator such an interest in the real estate as to authorize an action against him for the specific performance of decedent's oral agreement to convey to plaintiff certain lands. The defense of the title to real estate owned by decedent in his lifetime belongs solely to the heirs or devisee, except where by statute the general rule of the common law has been changed.

5. —————: —————: —————: —————: —————: No Debts Charged. Even if the statute which gives to administrators a naked contingent power to sell lands to pay decedent's debts were broad enough to authorize them to defend the title, a petition in a suit for the specific performance of decedent's oral contract to convey real estate, which contains no allegation that there are debts and that the sale of the land in question is necessary to pay debts, does not state a cause of action.

Appeal from Boone Circuit Court.—*Hon. Alex. H. Waller*, Judge.

REVERSED.

*W. M. Williams* and *E. W. Hinton* for appellants.

The heirs of W. R. Wilhite deceased were necessary parties to this action to obtain a conveyance of the land, and hence the plaintiff's petition against the administrators alone wholly fails to state a case for specific performance. Schoulter v. Bockwinkles' Admr., 19 Mo. 647; Moore v. Murrah, 40 Ala. 573; Duncan v. Wickliffe, 5 Ill. 452; Craig v. Johnson, 3 J. J. Marsh. (Ky.) 572; Hale v. Darter, 5 Humphrey (Tenn.) 79; Woodward v. McConnaughey, 106 Fed. 758; Rogers v. Wolfe, 104 Mo. 1. The heirs of a deceased vendor are necessary parties defendant to a bill by the vendee to obtain a conveyance of the land,

because the title thereto is in them by descent, and they cannot be deprived of it without an opportunity to contest the essential question as to whether it is bound by the alleged contract of their ancestor. It is true that Sec. 173, R. S. 1899, gives a statutory proceeding against the administrator for the specific enforcement of written contracts by deceased for the conveyances of land, in which, by force of the statute, the heir might be bound by representation. But this statute cannot aid the plaintiff in this case because it has no application to verbal contracts to dispose of land by will. Schoulter v. Bockwinkles' Admr., 19 Mo. 647. The heir owns the land, and in all cases not covered by the statute, the general rule applies, that as to land, the administrator neither represents the deceased nor the heir. Nor is this merely a case of defect of parties which might be waived in the absence of a special demurrer. It involves a total failure to state a cause of action for specific performance, because the real parties interested are not before the court at all, and therefore it must be governed by the equity rule that the court cannot render a decree in the absence of the parties who are to be bound by it. Siemers v. Kleeburg, 56 Mo. 201.

*Stephens & Collier* for respondents.

Under no circumstances could respondent have brought suit otherwise than against the administrators. The suit as to both counts in the petition is based upon the personal contract made by the deceased, W. R. Wilhite, accepted and fully performed on the part of the respondent, as the evidence fully discloses. The heirs are not necessary parties and their rights are not prejudiced where a positive agreement and contract has been made and the enforcement of which is fully provided for. Appellants raise the point for the first time that there has been a defect by reason

of non-joinder of the heirs with the administrators of the deceased. "Where a defect of parties is apparent on the face of the petition, objection must be made by demurrer or it will be waived." Dodson v. Lomax, 113 Mo. 555. "It is too late to urge as grounds of error in this court that the petition is defective by reason of non-joinder of parties. Defendant, to avail himself of such defect, should resort to demurrer and failing to do so, he waives the objection." Kerr v. Bell, 44 Mo. 120. "The want of necessary parties must be specially raised by some form of pleading in Missouri, either by demurrer or answer." Turner v. Lord, 92 Mo. 113; Leucke v. Treadway, 45 Mo. App. 507; Pike v. Martindale, 91 Mo. 268. "It cannot be raised in arrest." Reugger v. Lindenberger, 53 Mo. 364; Butler v. Lawson, 72 Mo. 227; Walker v. Deaver, 79 Mo. 664; Cook v. Tull, 111 Mo. 283; Gimbel v. Pignerr, 62 Mo. 240; Bank v. Gilpin, 105 Mo. 17.

GRAVES, J.—By the first count of the petition the plaintiff avers that at the request of the deceased, W. R. Wilhite, she went to his home and that after remaining there for six months: .

"The said W. R. Wilhite proposed, promised and agreed that if plaintiff would remain with the deceased, W. R. Wilhite, and render to said W. R. Wilhite household services in the way of keeping house, doing washing, ironing, and perform any and all such other services incident thereto so long as the said deceased, W. R. Wilhite, should live, that he, the said deceased, would at, or prior to his death, make ample provision for plaintiff the rest of her days, and the further promise that she should be compensated and remembered far in excess of what she could make by working for wages; that plaintiff then and there relying upon said promise and agreement, accepted the same and in good faith entered upon the discharge of her duties, and so continued to remain with and

serve said deceased W. R. Wilhite, from said date, 1865, up to the time of his death, October . . . 1905, being a period of forty years; that at all times plaintiff remained dutiful and faithful toward the deceased, W. R. Wilhite, in the capacity of housekeeper and attended to all the duties incident thereto according to the directions of the said W. R. Wilhite, and at odd times worked upon the farm and made a hand for the said deceased.

"That for said services, so rendered as aforesaid, plaintiff has received no compensation, and that so far as plaintiff knows the said deceased, W. R. Wilhite, has utterly failed to make such provision as promised and agreed upon; but that plaintiff has in every particular carried out and complied with the agreement stated as aforesaid up to and after the death of the said W. R. Wilhite."

Then follows the averment that reasonable compensation would be $4,800, and judgment is asked in that amount.

By the second count it is averred that in addition to the promise mentioned in the first count, the said W. R. Wilhite "promised and agreed to give and devise to plaintiff the following described tract of land, to-wit:" [Description omitted.] "In consideration that plaintiff remain with and perform all services incident to housekeeping and such other services in the way of attending to things outside, such as raising chickens, turkeys, etc., up to his death; that plaintiff, relying upon said promise, in good faith entered upon and continued in the service of the said deceased, W. R. Wilhite, up to his death, and at all times rendered the services required of the plaintiff, and in accordance with the wishes of the said deceased." And by the prayer to said second count, the court is asked to specifically enforce this contract.

Defendants are the administrators of W. R. Wil-

hite, deceased.  Answer to the first count was general denial, plea of the five-year Statute of Limitations as to all services rendered more than five years prior to death of W. R. Wilhite, and a plea of payment.  Answer to second count was a general denial.  Reply general denial.

Trial before the court and judgment went for the defendants as to the first count, and for the plaintiff on the second count.  Plaintiff abided the judgment of the trial court, but defendants after unsuccessful motion for new trial appealed to this court.

At the outset the defendants confront us with the proposition that no valid cause of action is stated against them in the second count of the petition and therefore the judgment below must be reversed.  The petition was not challenged below by demurrer, nor was there by answer any suggestion of a want of necessary parties.  Defendants stand here on the broad proposition that no cause of action was stated at all as against them, and that such can be raised for the first time in this court.

It has long been held that if a petition states no cause of action, such question can be raised here for the first time, and a judgment thereon should be reversed.  [Davis v. Jacksonville Southeastern Line, 126 Mo. 69; Hoffman v. McCracken, 168 Mo. l. c. 343.]

We think defendants' contention is well founded. Administrators, the personal representatives of the deceased, have no interest in the lands.  They take no title to the lands.  Under an order of the probate court, Revised Statutes 1899, section 130, they can under certain conditions rent the lands, and by section 131, Revised Statutes 1899, by order of court repairs to fences and buildings may be made by the ordinary administrator.  By section 146, Revised Statutes 1899, such administrator may on order of the probate court sell lands to pay debts.  These sections cover all the rights an administrator has in the real estate, and

none of them rise to the dignity of title in real estate. They are all mere rights contingent upon the order of the probate court.

In Hale v. Darter, 5 Humph. (Tenn.) l. c. 80, it is said: "The heirs, in such a case as the present, are the legal owners of the very estate sought to be conveyed. It does not belong to the personal representative, either legally or beneficially, in trust or otherwise. He has nothing to do with the real estate."

In 18 Cyc., pages 297-8-9, the law is thus stated: "Neither an executor nor an administrator has, as such, any inherent interest in, title to, or control over the realty of his decedent. The testator may, however, by his will, give to his executor such authority and control over real estate as he sees proper; and in some jurisdictions the statutes give to the executor or administrator a certain control over the land of the decedent, usually either for the purpose of preserving the same from waste during the course of administration, effecting a division and distribution among those entitled, or of subjecting the same to the payment of the decedent's debts in case the personal assets prove insufficient for this purpose. The authority of an executor in this respect is, however, strictly limited by the terms of the will, while a statutory grant to the personal representative of authority or control over the real estate of his decedent, being in derogation of the common law, must be strictly construed and the rights of the representative confined to those which are clearly given to him."

So also it is said in 11 Am. and Eng. Ency. Law (2 Ed.), 838: "At common law the real property of a decedent could not be subjected to his simple contract debts, but it descended directly to his heirs who became liable for the debts by specialty or matters of record to the value of the inheritance, and in case of a deficiency of personal property the creditors by simple contract lost their debts. This rule of the com-

mon law was changed by statute at an early day, and the real estate of a decedent, in case of a deficiency of personal property, now descends to the heirs of the deceased owner, subject to the payment of his debts, for which purpose it may be sold in an appropriate proceeding.''

Nor are we without authority in this State. In Aubuchon v. Lory, 23 Mo. 1. c. 99, this court said: ''The real estate of a deceased person descends, upon his death, to his heirs, or passes to the devisees under his will. By the common law, the personal representative, whether executor or administrator, takes no interest in it, and our statute gives him nothing but the naked power to sell for the payment of debts, or to make short leases, under the direction of the county court. The right to the possession, therefore, belongs to the heirs or devisees, and they only are the proper parties to sue for any injury to it. It is upon this principle that executors and administrators, as such, are not allowed to maintain actions of ejectment.'' In this case, the plaintiff, as executrix, was suing for trespass committed since the decease of the testator.

Later in Chambers' Admr. v. Wright's Heirs, 40 Mo. 1. c. 485, HOLMES, J., said: ''The real estate descended to the heirs or passed to the devisees; the personal representative takes no interest in the lands descended, but a naked power to sell for the payment of debts, and the possession as well as the defense of the title belongs to the heirs and devisees. The administrator had nothing to do with it. [Aubuchon v. Lory, 23 Mo. 99.]''

From this holding it would appear that the defense of the title to realty is for the heirs or devisee and not the administrator.

In the case of Thorp, Adm'r., v. Miller, 137 Mo. 1. c. 239, this court, through SHERWOOD, J., said: ''The

lands of a decedent descend to his heirs (or devisees if so the will reads), and the possession of the land and defense of the title and all of its incidents belong to the heirs or devisees, and the personal representative has nothing at all to do with it; no concern in the matter. [Aubuchon v. Lory, 23 Mo. 99; Chambers' Adm'r. v. Wright's Heirs, 40 Mo. 482; 2 Woerner, Adm'n., secs. 338, 463; 1 Ibid., sec. 276.] And the equity of redemption of a mortgagor in like manner descends to his heirs. An administrator can do certain things in regard to the real estate of his decedent, as, for example, he may, under the provisions of section 129, Revised Statutes 1889, rent the land of the deceased, where the probate court shall so order of record, in order to the payment of debts, and shall also order that the administrator take possession of such land and rent the same, in which event, that section authorizes the administrator to maintain an action for the recovery of such land. But that section in explicit terms forbids an administrator to rent or control such real estate until such order be made. Outside of the order of the probate court under permission and power expressly conferred by the statute, and outside of the duties which the statute prescribes, an administrator is an entire stranger to the real estate of the decedent. Thus he may purchase land of the estate sold under judgment of foreclosure rendered by the circuit court, and take title thereto, just as any other stranger would. [Dillinger v. Kelley, 84 Mo. 561.] The statute, under which and from which an administrator exclusively derives his powers, nowhere authorizes a probate court to order an administrator to intervene as plaintiff in an action of this kind; and if it did, there is no such order pleaded in the petition. From the foregoing considerations, it necessarily follows that the heirs of the decedent were the only parties who could maintain the present equitable proceeding.'' This was a suit in equity by Thorp, Admr. of Cornelius Van Camp, de-

ceased, the purpose of which was to set aside, for fraud and collusion, a sheriff's deed. The facts were that Van Camp owned eighty acres of land in Cass county upon which there was a school mortgage for $1,000 and accrued interest. The equity was sold at the alleged fraudulent sale. If, as in this case, the mere naked right to sell the real estate of deceased, under order of the probate court, would confer no right in the administrator to sue for the protection of the estate and the landed interest thereof, then by no reasoning can we see how the shoe can be shifted and placed upon the other foot, in such manner as to say that such mere naked right to sell conferred any interest in the lands so as to authorize the administrator to defend an action involving the title.

In the more recent case of Hall v. Bank, 145 Mo. l. c. 424, we further said: "At the death of a person owning land the title descends to his heirs or devisees, and his personal representatives take no interest therein except a naked power to sell it for the payment of his debts. The possession of the land as well as the defense of the title belongs to the heirs or devisees and to no other person. The administrator has nothing whatever to do with it. [Chambers' Admr. v. Wright's Heirs, 40 Mo. 482.] He cannot maintain ejectment for the possession of the land, nor can he maintain a suit to remove a cloud from the title thereto in the absence of an order of the probate court as before stated."

In the State of Iowa there was a statute as in this State which authorized a suit against an executor or administrator to enforce a contract to convey real estate, made by the decedent in his lifetime. There was also another section by which it was provided that it should not be necessary to make any other person a party to the suit, except the administrator or executor, but the court in its discretion might direct other parties to be made parties, and the heirs and

devisees could on motion at any time be made parties. The Iowa court, Judd v. Mosely, 30 Iowa l. c. 427, in discussing these statutes, in which case the heirs alone had been made parties, said: "But for this statutory provision, the action could not be brought against him; he represents only the personal property of the decedent. The real estate descends to the heir, and in the present case it is the heir who refuses to convey."

Our section 173, Revised Statutes 1899, is somewhat similar to the Iowa section first above mentioned. It provides that the vendee, having a contract in writing from the decedent for the conveyance of real estate, may present a petition to the probate court setting forth the facts and asking that the administrator be required to specifically perform by making a deed. By section 175 of the same statute notice must be served upon the administrator and also on the heirs and devisees. By section 179, it is provided that the action may be brought in the first instance in the circuit court, or if first brought in the probate court, the executor or administrator, widow, or any heir or devisee may upon objection filed have it removed to the circuit court. It will be observed that the contract referred to in this section must be one in writing, which is not the case at bar. This is the only case wherein by statute the administrator is required to be made a party, and our court has held that this statute does not apply where the contract to convey is not in writing. [Schulter's Admr. v. Bockwinkle's Admr., 19 Mo. 648.]

In the case last cited above, this court, speaking of this statute, said: "The special statutory proceeding for the specific execution of agreements against the administrators of vendors, is only allowed where the agreements are in writing. [Sec. 36, p. 88, R. S. 1845.] This case does not come within that statute."

In the case at bar the defendants were sued in their representative capacity and not otherwise. We do not think under the authorities that the bare naked contingent right to sell real estate to pay debts gives them such an interest in the real estate as to authorize an action against them for the specific performance of an oral agreement to convey real estate. In other words the defense of the title to real estate belongs solely to the heir or devisee, except where by statute the general rule of the common law has been changed.

Under no circumstances does this petition state a cause of action, for even if it be admitted, which we do not admit, that by reason of the naked power to sell to pay debts, the administrators might have some interest in the realty and could defend the title, yet to make a good petition there should have been an allegation that there were debts and that the land in question was necessary to pay debts, and further that the probate court had made an order of sale, because the right and power of an administrator is dependent solely upon such an order.

We do not place much stress upon this phase of the case, for in our judgment, except where otherwise provided by statute, the sole right to defend the title is in the heir or devisee and not in the administrator. It follows from these views that the second count of the petition stated no case or cause of action against these defendants, and this judgment should be and is reversed. All concur.