WHITE *et al.* v. HOCKER *et al.*

No. 5941.   Opinion Filed June 13, 1916.

(158 Pac. 440.)

1.  **PLEADING—Motions—Judgment on the Pleadings.** Motions for
judgment on the pleadings cannot be sustained unless the court
can determine upon the pleadings the rights of the parties to
the subject-matter in controversy and pronounce a judgment in
respect thereto which will be final between them.

2.  **JURY—Pleading—Judgment on Pleadings—Right to Trial by
Jury.** In an action for unliquidated damages arising out of the
breach of the conditions of a receiver's bond, the petition set up
the execution of the bond, the breach of its conditions by the
principal, and that by reason thereof the plaintiff was damaged.
The answer denied each and every allegation contained in the
petition, "except such as are hereinafter specifically admitted to be
true," and thereupon admitted the execution of the bond, and
further set up as defensive matter facts which, it may be as-
sumed, tended to admit a breach of the conditions of the bond.
Thereafter the plaintiff moved the court for judgment upon the
pleadings, whereupon defendants prayed the court for a trial by
jury upon the question of amount of recovery, whereupon the
court overruled the request for trial by jury, sustained the mo-
tion for judgment upon the pleadings, awarded a writ of in-
quiry to assess the plaintiff's damage, and, after hearing the
evidence adduced for such purpose, rendered judgment in favor
of the plaintiff.   **Held:.** (1) That the pleadings joined an issue
of fact upon the question of the amount of recovery, and it was
error to sustain the motion for judgment on the pleadings; (2)
that the action, being for the recovery of money only, and the
pleadings joining an issue of fact, the defendants by virtue of sec-
tions 4993 and 5051, Rev. Laws 1910, were entitled to a trial by
jury.

(Syllabus by the Court.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Action by J. W. Hocker and others against B. O. White and others. Judgment for plaintiffs, and defendants bring error. Reversed and remanded, with directions to grant a new trial.

*E. E. Glasco* and *Roy Glasco,* for plaintiffs in error.

*C. G. Moore,* for defendant in error Hocker.

KANE, C. J. This was an action for damages, alleged to have arisen out of the breach of the conditions of a receiver's bond, commenced by the defendants in error, plaintiffs below, against the plaintiffs in error, defendants below.

The petition set up the execution of the bond, the breach of its conditions by the principal, and that by reason thereof the plaintiff was damaged in the sum of $276.05, for which he prayed judgment. The answer of the defendants denied each and every allegation contained in the petition, "except such as are hereinafter specifically admitted to be true," and thereupon admitted the execution of the bond, and further set up as defensive matter facts which, it may be assumed, tended to show a breach of the conditions of the bond by the principal therein. Thereafter the plaintiff moved the court for judgment upon the pleadings, and thereupon the defendants requested a trial by jury, to assess the amount of damages, which request was overruled, whereupon the court, after hearing the evidence adduced by the plaintiff as to the amount of damages recoverable, entered the following judgment:

"The motion of plaintiff for judgment on the pleadings in this cause coming on to be heard, and the parties being represented by their respective counsel, the court,

being advised in the premises, finds the law for the said motion and sustains the same, and orders judgment for the plaintiff. The court awards a writ of inquiry to assess plaintiff's damages; testimony being introduced on the writ thereof the court assesses plaintiff's damages at $161.70.

"It is therefore ordered, considered, and adjudged by the court that plaintiff J. W. Hocker do have and recover of and from the defendants, B. O. White, L. L. Hawk, and John Sacra, the sum of $161.70, together with costs of suit taxed at $———, for all of which let execution issue. To which action of the court the defendants except and exception allowed, and defendants given 90 days from this date in which to prepare and serve case-made, the plaintiff to have ten days to suggest amendments thereto, the same to be settled and signed on five days' notice by either party."

To reverse this judgment this proceeding in error was commenced. Counsel for defendants in their brief base their right to a reversal upon two assignments of error, which they state as follows:

(1) The court erred in sustaining the motion of defendant in error, J. W. Hocker, for judgment on the pleadings, to which plaintiffs in error duly saved exceptions.

(2) The court erred in denying plaintiffs in error a jury to determine the issues of fact arising on the trial of said cause and in assessing the damages of defendant in error, J. W. Hocker, to which plaintiffs in error duly saved exceptions.

We think both grounds are well taken. The plaintiff in his petition claimed damages in an unliquidated sum for a breach of a contract. Admitting the execution of the contract and its breach, as the defendants did in their answer, did not also constitute an admission that the

amount alleged to be due was correct. An issue of fact was joined on that question by the general denial contained in the answer. There being an issue of fact joined by the pleadings, it follows that it was error to sustain the motion for judgment upon the pleadings. The rule is that a motion for judgment on the pleadings should be denied where the pleadings raise a question of fact to be tried. *Noland v. Owens,* 13 Okla. 408, 74 Pac. 954; *St. L. & S. F. R. Co. v. Kerns,* 41 Okla. 167, 136 Pac. 169. Motions for judgment on the pleadings cannot be sustained unless the court can determine upon the pleadings the rights of the parties to the subject-matter in controversy and pronounce a judgment in respect thereto which will be final between them. *Williams v. Rocky Mountain Fuel Co.,* 55 Colo. 133, 133 Pac. 742.

From what we have said it is clear that this is an action for recovery of money only, and there was an issue of fact joined by the pleadings upon the amount of recovery. Section 4993, Rev. Laws 1910, provides:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

And section 5015, Rev. Laws 1910, provides:

"When, by the verdict, either party is entitled to recover money of the adverse party, the jury, in their verdict, must assess the amount of recovery."

For the reason stated, the judgment of the court below must be reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur.