**KINGFISHER IMPROVEMENT CO. et al. v. BOARD OF COUNTY COM'RS OF JEFFERSON COUNTY et al.**

No. 7084—Opinion Filed Nov. 6, 1917.

(168 Pac. 824.)

**1. Appeal and Error—Report—Exceptions —Review.**

Where a referee for the trial of a cause in the district court is not ordered to report the evidence, but is ordered to hear the evidence and report his findings of fact and conclusions of law, the evidence so taken can only be made a part of the record and subject to review by the trial or Supreme Court by having the referee allow and sign a bill of exceptions containing the evidence taken by him. In the absence of such bill of exceptions the court cannot consider the question of the sufficiency of the evidence to support the findings of the referee, and cannot consider the evidence taken before the referee for the purpose of making independent findings therefrom, or for any other purpose.

**2. Reference—Setting Aside Report—Judgment.**

Where the report of the referee is entirely set aside, there is no finding of fact or evidence upon which the court can act; and the effect of setting aside the report is to grant a new trial, and it is error for the court, after entirely setting aside the referee's

report, to proceed to render judgment upon it.

(Syllabus by Galbraith, C.)

Error from District Court, Jefferson County; Frank M. Bailey, Judge.

Action by the Kingfisher Improvement Company and others against the Board of County Commissioners and the County Treasurer of Jefferson County. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

E. E. Blake and Bridges & Vertrees, for plaintiffs in error.

Guy Green, J. C. Clift, and P. T. Hamilton, for defendants in error.

Opinion by Galbraith, C. This is an appeal from an order of the trial court vacating the report of a referee and rendering judgment dismissing an action to restrain the collection of taxes. The plaintiffs in error, as plaintiffs in the trial court, commenced the action to restrain the collection of the taxes levied upon their property for state, county, township, and city purposes for the years 1911 and 1912, on the ground that the same were illegal and void on account of various irregularities and omissions alleged to have occurred in the proceedings attempting to assess and levy such taxes. In the absence of the district judge from the county, the judge of the county court made an order granting a temporary restraining order. The defendants appeared in the action by their counsel and moved to dissolve this order, which was by the court overruled on March 21, 1913. Afterwards the defendants filed their answer, and on August 25, 1913, filed an amended answer. Upon the issues formed by the pleadings the district court by the consent of the parties referred the cause to a referee for trial, with directions "to hear and report upon the same." The referee heard the testimony, which appears to have been voluminous, and made findings of fact, sustaining the contention of the plaintiffs, and conclusions of law recommending that the temporary restraining order be made permanent. Copies of the findings and conclusions of the referee were served upon counsel for defendants on June 5, 1914. On June 11, 1914, the defendants presented a motion to the referee to make additional findings, and in response thereto the referee made additional findings, and on June 19th filed his report with the clerk of the trial court, which included the findings served upon the defendants' counsel on June 5th, as well as the additional findings made in response to the mo-

tion of June 11th. The plaintiffs afterwards filed a motion to confirm the findings of fact and conclusions of law of the referee, and to render judgment for the plaintiffs against the defendants, upon such findings of fact and conclusions of law, as prayed for in the plaintiffs' petition. The defendants filed objections to the report, and moved that the same be vacated and the cause re-referred to the referee, with directions to make another report, and that the court order the referee to give the plaintiffs and defendants sufficient notice thereof before filing to enable proper exceptions to be saved thereto.

It appears from the record that no exceptions were saved to the findings of the referee served June 5th, and for that reason the court denied the motion to vacate the report of the referee so far as it related to the findings so made, but sustained the motion to vacate the report so far as it affected the additional findings made in pursuance to the motion of June 11th, for the reason that the defendants had not been given an opportunity to except to such additional findings before same were filed. An attempt was made to bring the testimony into the record by attaching a transcript thereof to the motion to vacate, and to thus bring the testimony taken before the referee before the trial court, and before this court in the case-made. No bill of exceptions was asked or signed by the referee making the testimony a part of the record, nor was there any order from the trial court directing the referee to report the testimony taken to the court with his findings. Upon the consideration of the motion to confirm the report of the referee and the objections thereto, the court set aside certain of the findings of fact of the referee as not within the issues made by the pleadings, and vacated certain of other findings in favor of the defendants, and upon motion rendered judgment for the defendants, dissolving the restraining order and dismissing the action at the plaintiffs' cost.

In the case of Burchett v. Hamill, 5 Okla. 300, 47 Pac. 1053, the court, upon motion to confirm the report of a referee, overruled the same and sustained exceptions thereto, and set aside the report, and proceeded to find upon the referee's report for the plaintiffs. This court, in reversing said cause, said, in part, as follows:

"What we hold is that, when the report is entirely set aside, the effect of the action of the court is to grant a new trial, and no judgment can then be entered without trial before the same or another referee or the court or a jury."

Likewise in the instant case, when the court sustained the motion of the defendants to set aside the report of the referee, that was equivalent to granting a new trial, either before the same referee, or another one to be appointed by the court, or before the court. It was error to then enter judgment for the defendants for the reason that the issues made by the pleadings presented controverted questions of fact, and there was no evidence before the court from which these issues could be properly determined. The evidence taken before the referee had not been incorporated in the record, and was not before the court, and it does not appear that any additional testimony was offered upon the hearing of the motions.

The method of preserving the testimony taken before a referee was announced by this court in Howe v. City of Hobart, 18 Okla. 243, 90 Pac. 431, in the second paragraph of the syllabus as follows:

"The evidence taken before a referee in a cause where the referee is directed to try the cause. make findings of fact and conclusions of law and report the same to the court, can only be preserved and made available for review in the district or Supreme Court by incorporating the same into a bill of exceptions and having the referee to allow and sign the same."

In the opinion the court said:

"While the case-made contains what purports to be the evidence taken before the referee, there is no bill of exceptions allowed and signed by the referee, and nothing in the record to authenticate this evidence. The court which appoints a referee and directs him to try the cause generally, hear the evidence. determine the facts, and make and file findings of fact and conclusions of law, has no means of knowing, and cannot know. what evidence was submitted to the referee, or what objections were made or exceptions saved. The statute authorizes the referee to allow exceptions, and one who desires to preserve the evidence for review in the district or Supreme Court must prepare, submit and have allowed and signed by the referee his bill of exceptions containing the evidence or so much thereof as he relied upon to present the question complained of. The evidence incorporated into the case-made was never in any manner made a part of the record, and cannot be considered for any purpose."

Again, in Block v. Pearson, 19 Okla. 422, 91 Pac. 714. the court said:

"There are some questions argued in the brief of plaintiff in error that we cannot consider on the record presented. The case contains the evidence taken before the referee, but there was no bill of exceptions allowed and signed by the referee preserving the evidence, nor was there any order of the court directing the referee to report the evidence. There is no order of the court making the evidence taken before the referee a part of the record, hence the evidence is no part of the record, and was not properly before the district court for consideration, nor is it before this court for its consideration."

It appears from the record in this case that the evidence taken before the referee was not before the trial court, although it purports to be incorporated in the case-made now here. No proper steps were taken before the referee or the trial court to incorporate this testimony into the record, and therefore it cannot be considered here, and could not have been properly considered by the trial court.

This seems to have been a bitterly contested lawsuit. The issues of law and fact were numerous, and strenuously contested. The judgment appealed from was rendered without any evidence before the court to support it, and cannot be sustained, and must therefore be reversed, and the cause remanded to the trial court for further proceedings.

By the Court: It is so ordered.