## MILES et al. v. GROSMAN CO.

No. 8118—Opinion Filed June 11, 1918.

(173 Pac. 808.)

**1. Pleading—Judgment on Pleading—Insufficient Answer.**

In an action to recover a balance of unpaid installments of the purchase price of a soda water fountain sold by plaintiff to defendants under a written contract by the terms of which the defendants agreed to execute and deliver to plaintiff promissory notes evidencing the unpaid installments of the purchase price and providing that a failure to pay any of the installments when due should at the option of the plaintiff make all of the unpaid installments fall due, the petition alleged the execution of the contract, the execution and delivery of the notes by the defendants pursuant thereto, and default in the payment of two of said notes at maturity and the election of plaintiff to declare the entire debt due. Copies of the contract and of the notes executed thereunder were attached to the petition as exhibits. The defendants answered, admitting the execution of the contract and the notes, copies of which were attached to the petition, and alleged that the indebtedness created by said contract had been fully paid and discharged by the execution of the said promissory notes, and that said promissory notes were executed by defendants and accepted by plaintiff after the execution of the contract in full payment and satisfaction of the amount due under said contract, and that thereby their indebtedness under said contract was satisfied and discharged. Held, that, defendants being bound by the terms of the contract to execute said notes as evidence of the indebtedness under the contract, and no consideration being pleaded for any modification of the terms of said contract, said answer stated no defense, and the motion of plaintiff for judgment on the pleadings was properly sustained.

**2. Pleading—Verification—Denial of Existence of Partnership.**

An unverified denial of an allegation of the existence of a partnership is ineffectual and presents no defense to an action against such partnership.

(Syllabus by Rummons, C.)

Error from County Court, Tulsa County: J. W. Woodford, Judge.

Action by the Grosman Company against William P. Miles and another. Judgment for plaintiff on the pleadings, and defendants bring error. Affirmed.

Luther James, for plaintiffs in error.

Robinson & Mieher, for defendant in error.

Opinion by RUMMONS, C. This action was commenced in the county court of Tulsa county by the defendant in error against the plaintiffs in error to recover a balance due upon a contract for the purchase of a soda water fountain and its appurtenances. The parties will be hereinafter designated as they appeared in the court below. The petition of plaintiff alleged the execution by plaintiff and defendants of a written contract by the terms of which defendants purchased from the plaintiff a soda water fountain and its accessories for the sum of $450, payable $22.50 in cash, $67.50 upon the delivery of the goods, and the balance in installments of $15 payable monthly. It was alleged that the contract provided that the deferred payments were to be evidenced by notes executed by the defendants; that a failure to make any cash or other payment agreed on when due should mature the whole amount of the indebtedness due under said contract. It was further alleged that the defendants executed the notes provided for in said contract as evidence of the indebtedness due thereunder, and that the defendants had defaulted in the payment of two of said notes. The petition alleged that the plaintiff elected to declare the entire debt due and payable, and prayed judgment for the balance due as evidenced by the notes and contract and for an attorney's fee as provided in said contract and notes. Copies of the contract and of the notes executed pursuant thereto were attached to the petition.

The defendants answered, denying generally the allegations of the petition except as admitted in the answer. They further denied the existence of a partnership between the defendants as alleged in plaintiff's petition. The answer then admitted the purchase of the soda water fountain mentioned in plaintiff's petition and alleged that defendants had paid the sum of $22.50 cash for the same, and that upon the delivery of the soda water fountain the defendants fully paid the contract price for said fountain by executing the promissory notes, copies of which were attached as exhibits to the plaintiff's petition. The answer further alleged that the plaintiff received and accepted said notes for said purchase price, and that by consent and mutual agreement between plaintiff and defendants they were in full payment for the price agreed to be paid for said soda water fountain.

Both plaintiff and defendants moved for judgment on the pleadings. The court sustained the motion of the plaintiff, and rendered judgment against the defendants, to reverse which the defendants prosecute this proceeding in error.

This appeal must be regarded as frivolous.

The petition of plaintiff alleged the execution of the contract, the delivery of the soda water fountain, and the execution of the notes by the defendants evidencing the unpaid balance of the purchase price as provided in the contract; the default of the defendants in the payment of two of the notes at their maturity and the election of plaintiff to declare the entire debt due as provided by the terms of the contract is alleged. By the terms of the contract set out by the plaintiff the defendants were bound to execute the notes attached to the petition as evidence of this indebtedness. The terms of the contract clearly show that the notes executed were not to be delivered and accepted as satisfaction of the debt due plaintiff, but merely as convenient evidence of such debt. While defendants pleaded that said notes were given and accepted in discharge of the indebtedness incurred under the contract for the purchase price of the soda water fountain, yet, as they pleaded no facts showing any consideration for their discharge from liability under the contract by the execution of the notes which they were bound, under the terms of the contract, to make and deliver, the answer states no defense.

The answer of the defendants was not verified, so that the denial of the partnership relation contained therein is ineffectual. The allegation in the answer that the notes executed by defendants were negotiable and in the hands of plaintiff is met by the record disclosing that the plaintiff produced the notes executed by defendants, and that upon the rendition of judgment by the court against the defendants the same were canceled.

In White v. Hocker, 58 Okla. 38, 158 Pac. 440, Chief Justice Kane, who delivered the opinion of the court, says:

"Motions for judgment on the pleadings cannot be sustained unless the court can determine upon the pleadings the rights of the parties to the subject-matter in controversy and pronounce judgment in respect thereto which would be final between them."

In this case the trial court could, and did determine from the pleadings in the case the rights of the parties, and, the defendants having pleaded no sufficient defense to the action of the plaintiff, the motion of plaintiff for judgment was properly sustained. Mangold & Glandt Bank v. Utterback, 54 Okla. 655, 160 Pac. 713, L. R. A. 1917B, 364.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.