## TAYLOR et al. v. PHILLIPS.

No. 18512. Opinion Filed May 21, 1929.

Geo. E. Rider, for plaintiffs in error.

McKeown & Green, for defendant in error.

HALL, C. This is a controversy over the allotment of Bennie Sampson, a Mississippi Choctaw Indian, who died in May, 1917. In 1926, the defendant in error, who will be hereinafter referred to as plaintiff, filed an action in the district court of Johnston county, alleging ownership and possession of the land in question herein, claiming title through a conveyance from one P. A. Norris, and praying the court for an order or judgment determining the heirship and heirs of the allottee, Bennie Sampson, deceased, and also that the title to the premises be quieted in her, the said plaintiff.

Emaline Taylor, or Emaline Sampson, the surviving wife of Bennie Sampson, was made a defendant in the action; also other persons were made defendants, one of which was one E. T. Haddock, a plaintiff in error herein.

The defendant Emaline Taylor, or Emaline Sampson, being one and the same person, filed her answer and cross-petition to the petition of plaintiff, in which she alleged that she was the surviving wife of Bennie Sampson, and that she her self was a Mississippi Choctaw Indian of 7/8ths Indian blood, and enrolled as such. She denied generally all allegations in plaintiff's petition. She alleged that she was born on January 13, 1901, and that Bennie Sampson died intestate on May 12, 1917, leaving no issue and no persons who could inherit his estate except herself and Johnson Sampson, the father of Bennie Sampson. She further alleged that she was less than 18 years of age at the time of the death of her husband, Bennie Sampson, and that one P. A. Norris had a pretended or purported guardian's deed to the lands which she inherited from her deceased husband, and that the guardian who executed this deed was without power or authority to sell the lands or any part thereof, because the defendant was a married person and not under guardianship as to any interest in the lands in question. The defendant asked to have P. A. Norris made a party defendant in the action.

The plaintiff filed a separate answer and cross-petition to the answer and cross-petition of Emaline Sampson, in which answer and cross-petition the plaintiff alleged that a guardian was appointed for defendant Emaline Taylor (now Emaline Sampson) in the year of 1914, and that such appointment issued out of the county court of Marshall county, Okla.; and that in the month of November, 1917, said land was sold and confirmed at a guardian's sale thereof to one Gale Statler and A. M. Gregg.

There were no allegations deraigning the title in plaintiff from said grantees in the guardian's deed. It is nowhere alleged that said Gale Statler and A. M. Gregg, or either, ever conveyed any interest in the lands to the plaintiff or any of the plaintiff's grantors.

Plaintiff also pleaded the special statute of limitations against the claims of defendant Emaline Sampson. To the answer and cross-petition of plaintiff, the defendant Emaline Sampson (or Emaline Taylor) filed her reply in the form of a general denial.

The defendant E. T. Haddock also filed an answer to the effect that he was claiming an interest in said land by virtue of an agricultural lease executed to him by his codefendant Emaline Sampson, on June 29, 1917, and for a period of 25 years. The lease was executed about one month after she inherited the lands or an interest therein from her deceased husband. Plaintiff filed a reply to this answer of E. T. Haddock denying all the allegations therein.

When the case was called for trial, counsel for plaintiff presented an oral motion for judgment on the pleadings. The motion re-

cited generally the substance of plaintiff's separate answer and cross-petition filed to the separate answer of defendant Emaline Taylor.

The court sustained the motion for judgment on the pleadings, and rendered judgment for plaintiff, and made extensive findings of fact in the case. From this judgment, the defendants lodged an appeal in this court.

In seeking a reversal of the case, counsel for plaintiffs in error Emaline Sampson, or Emaline Taylor, and E. T. Haddock, urge two propositions or the converse of the same proposition: (1) It it urged that the court committed reversible error in rendering judgment on the pleadings in favor of the plaintiff; and (2) that instead of rendering judgment for plaintiff, a judgment should have been rendered in favor of defendants. The first contention is well taken.

Plaintiff, as a basis for her motion for judgment on the pleadings, was relying upon the short statutes of limitations, sections 1302 and 1303, Comp. Stat. 1921. Plaintiff alleged a guardian's sale of the land in question and the issuance of a guardian's deed, but counsel overlooked the fact that these allegations were expressly and definitely denied. That denial raised an issue of fact, which absolutely prevented the court from sustaining a motion for judgment on the pleadings. The law relating to that rule of procedure has become elementary in this state. In the cases of White v. Hocker, 58 Okla. 38, 158 Pac. 440; Mires v. Hogan, 79 Okla. 233, 192 Pac. 811; and White v. Knox, 126 Okla. 124, 258 Pac. 889, this subject was fully treated, and it would serve no useful purpose to clutter the reports with any extensive discussion of the legal principles governing motions for judgment on the pleadings, other than to say that where the pleadings present an issue of fact, it is error to sustain a motion for judgment thereon.

Motions for judgment on the pleadings are not looked upon with favor by the courts, and while they are properly styled motions, they are of the nature of a general demurrer, and are governed by the rules applicable to a general demurrer. The motion not only admits every material fact properly stated in the pleading, but will bring to the aid of the adverse party every reasonable intendment in favor of the sufficiency of the pleadings assailed. Mires v. Hogan, 79 Okla. 233, 192 Pac. 811. The rule particularly applicable to the present case is set forth in White v. Hocker, supra, in the first paragraph of the syllabus as follows:

"Motions for judgment on the pleadings cannot be sustained unless the court can determine upon the pleadings the rights of the parties to the subject-matter in controversy, and pronounce a judgment in respect thereto which will be final between them."

It will be observed that defendant Emaline Sampson stated in her answer that a purported guardian's deed had been issued to P. A. Norris. It was not alleged when this guardian's deed was issued, or whether it was a guardian's deed purporting to be of a minor or of an incompetent person. Also, there appears to be no connection between this particular allegation relative to the guardian's deed to Norris and the allegation in the cross-petition of plaintiff, wherein she attempts to predicate her title upon the issuance of a guardian's deed to one Statler and Gregg without alleging her interest, if any, in the property by virtue of this guardian's deed. Furthermore, all the allegations in this answer were expressly denied.

In order to justify a court in rendering judgment on the pleadings, the pleadings must be definite and certain as to the relief to which the parties are entitled. A pleading may well be susceptible of a motion to make it more definite and certain, but still be sufficient to withstand an assault in the nature of a motion for judgment thereon.

The parties urge two complicated legal propositions: (1) The defendant Emaline Sampson, contends that because she was a married person, although a minor, the probate court had no jurisdiction of the property which she inherited from her deceased husband; and (2) that therefore she is not bound by the special statutes of limitations.

The plaintiff largely rests her claims upon these limitations statutes.

The facts in the case not being before us, we are not required and it would not be proper to pass upon the above legal questions.

For the reasons herein stated, the judgment of the trial court is hereby reversed and remanded, with directions to try the cause on its merits.

BENNETT, HERR, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.