## LYONS et al. v. LYONS et al.

No. 27668. Feb. 21, 1938.

Bruce & Rowan, O. B. Jefferson, and Moss & Powell, for plaintiffs in error.

Wilson & Wilson, for defendants in error.

HURST, J. This is an action to declare a resulting trust in real property and the proceeds derived therefrom. The action was originally instituted against S. D. Lyons, Mary J. Lyons, and E. B. Lyons. Defendants demurred to the petition on the ground that several causes were improperly joined. which demurrer was sustained by the trial court, and the three cases were docketed separately in the district court as follows: No. 88170 against S. D. Lyons; No. 88279 against Mary J. Lyons; and No. 88330 against E. B. Lyons, S. D. Lyons, and Mary J. Lyons. The issues involved are practically identical in the three cases, and have been briefed together.

So far as this appeal is concerned, the following allegations in the petition are pertinent: That plaintiffs are the children and heirs of Sadie Lyons, deceased, and that defendant S. D. Lyons was her hus-

band; that certain properties were acquired from the proceeds of a business enterprise in which Sadie and S. D. Lyons had been jointly engaged, under the name of "S. D. Lyons," which properties were purchased by and recorded in the name of S. D. Lyons, while, as a matter of fact, the said Sadie Lyons was the owner of one-half of the money with which said properties were purchased and was the owner of an undivided one-half interest in said properties; that Sadie Lyons died intestate on December 14, 1925, leaving as her sole heirs, the plaintiffs and S. D. Lyons; that subsequent to the death of Sadie Lyons, defendant S. D. Lyons purchased additional property with the money derived from said business, taking title in his own name; that by reason of the foregoing facts, S. D. Lyons is not the owner of said properties, but holds one-half undivided interest in same as trustee for the heirs of the said Sadie Lyons, deceased, and that the plaintiffs are now the owners of six-ninths of one-half interest in and to all of the properties purchased and described in the petition, the legal title to which is held by said S. D. Lyons; and that the court decree the resulting trust; decree the ownership and right of possession in said plaintiffs, appoint a receiver and require an accounting for plaintiffs.

The suit was instituted on September 14, 1935. Defendant demurred on the ground, among others, that plaintiffs had no legal capacity to sue. The demurrer was overruled and defendant answered. The answer of defendant admitted that he was the husband of Sadie Lyons and that plaintiffs are her children; alleged that no administrator or personal representative of Sadie Lyons' estate had ever been appointed by the court; that plaintiffs had no right of action herein, but that the administrator or other personal representative of decedent possessed the right of action, if any; and made further denials not pertinent here. A reply was filed and the issues joined. Plaintiffs' attorney made his opening statement to the court, whereupon defendant moved for judgment on the pleadings and opening statement of counsel on the ground that plaintiffs stated no cause of action, for the reason that the cause of action, if any, lay with the estate of Sadie Lyons, and not her heirs. The motion was sustained and judgment was entered for defendant dismissing the cases. Plaintiffs have appealed, making nine assignments of error, which they have briefed under three propositions.

■ The first proposition to be considered is whether the surviving heirs of Sadie Lyons can maintain an action to have a resulting trust declared against their mother's interest in the lands involved in this suit when no administrator has been appointed. Defendant's theory in this regard is that the allegations of plaintiffs' petition, if true, establish that a partnership existed between Sadie and S. D. Lyons in the conduct of the business; that the properties in question were purchased with partnership funds and thereby became partnership property; that on the death of Sadie Lyons, the partnership was dissolved, and by section 1197, O. S. 1931, the surviving partner was required to wind up the affairs of the partnership and to account to the administrator of decedent's estate; that this method is exclusive and the administrator, not the heirs, is the only party who can call defendant to account, if in fact any right of action exists. It is admitted by the parties that no administrator had been appointed.

Defendant, in his brief, concedes that a cause of action for a resulting trust is pleaded by plaintiffs, assuming the verity of his allegations, but denies that plaintiffs, as heirs of the deceased partner, are the proper parties to maintain the action.

It is to be borne in mind that this case is before us on a motion by defendant for judgment on the pleadings and opening statement. In such case, as in the case of a demurrer, defendant admits, for the purpose of the motion, the truth of all facts well pleaded in the pleading of the opposing party, together with all fair inferences to be drawn therefrom. Board of Education of City of Sapulpa v. Broadwell (1926) 117 Okla. 1, 245 P. 60; Taylor v. Phillips (1929) 136 Okla. 283, 277 P. 923; Allen v. First Nat. Bank & Trust Co. of Muskogee (1934) 170 Okla. 3, 37 P.2d 628.

Under this rule, then, we turn to an examination of the allegations of plaintiffs' petition, and find the following:

"Plaintiffs further state that all of the above-described property was purchased during the coverture of the said Sadie Lyons and S. D. Lyons, and with the money that was made and earned by the joint efforts and industry of the said Sadie Lyons and S. D. Lyons, derived from the sale of the products sold from the business establishment hereinbefore set out; and that the legal title to said property was taken in the name of the said S. D. Lyons, while as a matter of fact the said Sadie Lyons was the owner of one-half undivided interest in said property and was the owner of one-half of the money with which said property was purchased. That on account of the confidential relationship existing between the said

Sadie Lyons and the said S. D. Lyons, the said Sadie Lyons permitted and allowed the legal title to said property to be taken in the name of her husband, S. D. Lyons.

"That it was agreed and understood at all times that even though the title to said property was taken in the name of S. D. Lyons, that the said Sadie Lyons was the owner of one-half undivided interest in all of the said property and the proceeds derived therefrom."

We agree that defendant is correct in asserting that the allegations of plaintiffs' petition established a partnership arrangement between Sadie and S. D. Lyons in the business; yet it does not follow as an absolute proposition that the properties in question here belonged to the partnership, so as to make applicable section 1197, O. S. 1931 (authorizing the surviving partner to settle the partnership affairs and to account to the executor or administrator), and section 11661, O. S. 1931. It is true that section 11631 provides that "property, whether real or personal, acquired with partnership funds, is presumed to be partnership property," but as stated in 47 C. J. 762:

"There may, however, be a purchase of property with firm funds to be held by partners as individuals, if this be the intention, such a transaction being merely a withdrawal by agreement of part of the common stock, and if it appears that the real estate was acquired by a partner, as his individual property, and the firm funds used by him in purchasing it were charged to his individual account with the assent of his partners, such real estate will not be regarded as partnership assets. Payment for realty with money borrowed from the firm does not necessarily make the land partnership property.

"Whether realty purchased with firm funds is individual or partnership property is, in the last analysis, one of fact depending upon the intention of the parties, as revealed by the use of the property, the conduct of the parties, their agreements express or implied, the manner of keeping accounts, the payment of expenses connected with ownership, the disposition made of any income from the property, and all the surrounding circumstances, the decision of every case necessarily depending on its own peculiar facts."

This rule was recognized in the case of Cobb v. Whitney (1927) 124 Okla. 193, 255 P. 577, wherein it was held in part that "a partner may with the consent of the other partners withdraw money from the partnership funds and invest them and acquire title to property in his own name." In that case, however, it was found that no such agreement or understanding existed between the partners, and consequently the property acquired was held to be firm property. See, also, Foster v. Wilkinson (1923) 96 Okla. 110, 220 P. 325.

In this case, however, giving plaintiffs the benefit of every fair inference that can be drawn from the allegations of the petition, as set out in detail above, it appears that when the properties were bought by S. D. Lyons, the funds used had been withdrawn from the common stock of the partnership and had become the personal property of Sadie and S. D. Lyons, and that the properties were purchased for Sadie and S. D. Lyons individually and not for the partnership. This inference is drawn from the allegation that "the legal title to said property was taken in the name of the said S. D. Lyons, while as a matter of fact the said Sadie Lyons was the owner of one-half undivided interest in said property and was the owner of one-half of the money with which said property was purchased. That on account of the confidential relationship existing between the said Sadie Lyons and the said S. D. Lyons, the said Sadie Lyons permitted and allowed the legal title to said property to be taken in the name of her husband, S. D. Lyons." These allegations would have been useless had the parties intended partnership funds to be invested in the property, and intended the property to belong to the partnership rather than to the individual members thereof.

The apparent purpose of the allegations that the money and proceeds derived from the business were used in the purchase of the properties was to establish the fact that one-half of the money used to purchase the properties belonged to Sadie Lyons in order to bring the case within the rules relating to resulting trusts. Plaintiffs are entitled to this construction under the motion.

■ We are therefore brought to the question of whether the heirs of a deceased cestui que trust may maintain an action in their own names against the trustee to enforce the trust on realty, where the property is not partnership property, and to demand an accounting and obtain possession of the rents, issues and profits therefrom.

Section 1217, O. S. 1931, provides in part:

"The executor or administrator is entitled to the possession of all the real and personal estate of the decedent, and to receive the rents and profits of the real estate. * * * The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real estate, or for the purpose of quieting

title to the same, against any one except the executor or administrator."

This statute was construed in an action similar to the one at bar in Turner v. Johnson (1922) 86 Okla. 196, 207 P. 555, and it was held that an action to quiet title may be maintained by the heirs without the executor or administrator joining in said suit. While the action in the case at bar is not strictly one to quiet title, it nevertheless has that effect.

Without referring to this statute, it was held in Mendenhall v. Walters (1916) 53 Okla. 598, 157 P. 732, that the "interest of the cestui que trust in a resulting trust in real estate is an equitable estate in the land, the legal title to which is vested in the trustee, and as such may be enforced by the heirs of the cestui que trust against the heirs of the trustee." While it is true, as contended by defendant, that the issue of the proper party to bring the action was apparently not raised in the case, yet we think the principle enunciated therein to be correct and we adhere to the rule announced.

Under a statute identical to section 1217, supra, the Supreme Court of California, in the case of Janes v. Throckmorton, 57 Cal. 368, held that the heirs and not the administrator were the proper parties to compel the trustee of a resulting trust to convey the legal title to realty to them. The doctrine was reaffirmed in the later case of Rogers v. Schlotterback, 167 Cal. 35, 138 P. 728, and it was further held in said case that any money judgment must be taken by the administrator.

In the Restatement of the Law of Trusts, section 407 (2), it is stated:

"Upon the death intestate of the beneficiary of a resulting trust, the devolution of his interest is governed by the same rules of descent and distribution as govern the descent and distribution of a corresponding legal interest."

And in the "Comments" it is stated:

"If the interest of the beneficiary is personal property, it passes on his death intestate to his administrator for the payment of his debts and for distribution among his next of kin; if his interest is real property, it passes to his heirs, subject to the claims of creditors."

We quote from the case of McKee v. Downing (Mo.) 124 S. W. 7, since that case is squarely in point with the one at bar:

"Her (decedent) administrator is not a necessary party. The suit is one by her heirs to establish a resulting trust in land, on the ground that the defendant, her husband, used her separate property to buy the land and took the title to himself. If the evidence clearly shows that fact, then he held the title as trustee for her. It was an interest in real estate he so held, and not personal property, and at her death intestate that interest descended to her heirs, and in its recovery, in the absence of estate debts, the administrator is not concerned, and is not a necessary party. The intestate's title to lands always descends to his heirs, subject to the paramount right of creditors of the estate to have it sold by the administrator upon an order of court to pay decedent's debts. McQuitty v. Wilhite, 218 Mo. 586, 117 S. W. 730; Thorp v. Miller, 137 Mo. loc. cit. 238, 38 S. W. 929. It is not charged in the petition that this land is needed to pay Mrs. Downing's debts. Indeed, it nowhere appears in the record that she had any debts at the time of her death, or that any administrator had ever been appointed for her estate, or, if there had, whether or not he had made final settlement. What possible interest then could he have in the results of this suit? If as a result of it defendant is held to hold the legal title as trustee for plaintiffs, her heirs, and the title is decreed out of him and vested in them, as the judgment attempts to do, then the land would still be subject to Mrs. Downing's debts up to the time of final settlement by her administrator, and so her administrator would derive every possible benefit from said decree that he could were he a party."

We conclude, therefore, that the plaintiffs, as heirs of Sadie Lyons, the deceased cestui que trust, who died intestate, may maintain this action in their own names against the defendant as trustee to enforce the trust as to the realty, and in that respect the petition states a cause of action. The administrator, however, is a necessary party to the action in so far as it seeks an accounting and possession of the rents, issues, and profits therefrom, and in that respect the present action cannot be maintained by the heirs.

■ Plaintiffs' contention that if the defendant was not entitled to have the motion for judgment on the pleadings sustained, judgment should be rendered for plaintiffs, is without merit. A motion for judgment on the pleadings is not available to dispose of the merits of a case, and issues of fact cannot be determined on such a motion. Peck v. First Nat. Bank of Claremore (1915) 50 Okla. 252, 150 P. 1039; Mires v. Hogan (1920) 79 Okla. 233, 192 P. 811.

■ Defendant pleaded the statute of limitations in his answer, but in his brief did not urge or present this question, although same was briefed by plaintiffs. The

defendant stated in his brief that the question is not before this court on this appeal. We, therefore, do not determine the matter herein.

The judgment is reversed, with directions to proceed in accordance with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and CORN, JJ., concur.