DURHAM et ux. v. SHARUM.

No. 33963.   Oct. 3, 1950.

*222 P. 2d 1029.*

———

Edward M. Box, of Oklahoma City, for plaintiffs in error.

John C. Moran, of Oklahoma City, for defendant in error.

O'NEAL, J. This is an appeal from an order overruling a motion for a new trial in an action for unlawful detainer. The proceeding was commenced in the justice of the peace court, Oklahoma district, in Oklahoma county, by Delene Sharum, defendant in error herein, against W. C. Durham and Mrs. W. C. Durham. The parties will be referred to as plaintiff and defendants as in the trial court.

Judgment was for plaintiff in the justice of the peace court and defendants appealed to the court of common pleas. The complaint, in substance, alleges lawful entry and unlawful detainer of the premises involved after lawful notice to quit. The premises are described as:

"The West half of the duplex known as 2403 N. W. 19th Street, located on Lots 15 and 16, Block 6, Crestwood Addition to Oklahoma City, Oklahoma."

Judgment was entered in the justice of the peace court December 15, 1947. The cause was set for trial in the court of common pleas for June 22, 1948. On that date, when the case was called for trial, defendant W. C. Durham filed in open court an offer to confess judgment as follows:

"Offer to Confess Judgment

"To Jay D. Jones
"310 Hightower Bldg.
"Attorney for Plaintiff
"Oklahoma City, Oklahoma.

"The defendant, W. C. Durham, hereby offers to allow judgment to be taken against him by the plaintiff for possession of the property occupied by the defendant at 2403 N W 19th, Oklahoma City, Oklahoma and for the rent value of the property and attorney fees and costs of this action to the following amounts:

"Rent                    $210.00
"Attorney's fees         $ 50.00
"Costs                   $ 12.65

"That execution of the judgment will be stayed until the 29th day of June, 1948, by the plaintiff, thereafter execution will be available as a remedy for possession of said property.

"(Sgd)   Edw. M. Box,
"Attorney for Defendant."

The offer was accepted, whereupon the court entered judgment for the plaintiff as follows:

"Journal Entry

"This cause came on to be heard this 22nd day of June, 1948, pursuant to regular assignment for trial, the said plaintiff being present by her attorney, Jay D. Jones, and said defendant by his attorney, Edward Box; and both parties announcing ready for trial and said defendant made an offer to confess judgment for the possession of said property and rents due and costs and attorney's fees. And the Court, being fully advised, on consideration finds that the plaintiff is entitled to judgment accordingly.

"It is therefore ordered, adjudged and decreed by the Court that the said

plaintiff, Delene Sherum have and recover of said defendant, W. C. Durham, the sum of $210.00 rent money; $50.00 attorney's fees; $12.65 for the costs of this action; and possession of said property located at 2403 N W 19th Street, Oklahoma City, Oklahoma. For all of which let execution issue after the 29th day of June, 1948.

"(Sgd) Glen O. Morris
"Judge of Common Plea Court
"(Sgd) Jay D. Jones
Atty for Plaintiff
"(Sgd) Edward M. Box
Atty for Defendant"

June 25, 1948, defendant filed a motion for a new trial upon the grounds:

"I.

"Irregularities in the proceedings of the court and of the prevailing party, by which defendant was prevented from having a fair trial.

"II.

"Accident and surprise which ordinary prudence could not have guarded against.

"III.

"That the judgment of the court is not sustained by sufficient evidence, or any evidence, and is contrary to law.

"IV

"That the said judgment and confession thereof was procured through fraud and misrepresentation upon the part of the plaintiff, for that the plaintiff represented that she desired the premises for her own personal use, whereas, in truth and in fact, said plaintiff has purchased other properties and is now living therein, of all of which defendant offers proof."

June 29, 1948, defendant filed "Supplemental Motion for New Trial." Therein he adopted all the allegations of the original motion for new trial and stated:

"In support of the fourth ground of said motion originally filed, defendant files and submits herewith an affidavit setting forth newly discovered evidence which, if true, entitles this defendant to a new trial."

And:

"Movant further says that upon the hearing hereof he will produce other and additional witnesses to substantiate and prove all the matters and things set forth herein and in said affidavit."

Attached to said motion was an affidavit of W. C. Durham tending to support his motion for new trial.

The motion and supplemental motion for new trial were overruled, and defendants appeal.

This is a case in which the trial court rendered judgment for the plaintiff on an offer of defendant to confess judgment, which offer was accepted by the plaintiff. The trial court rendered judgment accordingly. Two days later defendant filed motion for new trial on the ground that the confession of judgment was procured through fraud.

The filing of motion for new trial under such circumstances is not authorized by statute, and does not extend the time to lodge an appeal in this court. The function of a motion for a new trial is to open the way for examination of errors occurring at the trial. There was no trial in this case, hence, there are no errors to examine. The judgment was rendered in the trial court June 22, 1948. The appeal was not lodged in this court until January 3, 1949, six months and eleven days after judgment was rendered in the trial court. The lodging of an appeal within the time authorized by statute is jurisdictional. The question of jurisdiction may be raised at any time by the parties, or by the court on its own motion.

Where the filing and determination of a motion for new trial is unnecessary, the filing of such unnecessary motion for new trial does not extend the time in which to file an appeal. Fliedner v. Hinchee, 157 Okla. 90, 11 P. 2d 110.

Motion for a new trial of an order sustaining a motion to vacate a judg-

ment is not authorized, and the order overruling the same does not fix the date from which the time to appeal is calculated. Hoppe et al. v. Bentley, 170 Okla. 377, 40 P. 2d 678; Powell v. Nichols, 26 Okla. 734, 110 P. 762; Barfield Petroleum Co. v. Pickering Lumber Co., 137 Okla. 151, 278 P. 391; White v. Security National Bank, 145 Okla. 36, 291 P. 965; Finch v. Smith, 166 Okla. 68, 26 P. 2d 750.

Appeal dismissed.

DAVISON, C. J., ARNOLD, V. C. J., and CORN, HALLEY, and JOHNSON, JJ., concur. WELCH and GIBSON, JJ., dissent.