E. DUNLAP, Jr., and G. W. Clay,
Plaintiffs in Error,

v.

CITY OF ARDMORE, a Municipal Corporation, Defendant in Error.

No. 36872.

Supreme Court of Oklahoma.

Dec. 20, 1955.

Rehearing Denied March 6, 1956.

Application for Leave to File Second Petition for Rehearing Denied May 2, 1956.

. H. A. Ledbetter, Ardmore, for plaintiff in error, E. Dunlap, Jr., Joe B. Thompson, Joseph M. Culp, Ardmore, for plaintiff in error, G. W. Clay.

Riddle & Riddle, by Andrew B. Riddle, Andrew B. Riddle, Jr., Ardmore, for defendant in error.

## PER CURIAM.

The parties are referred to by their trial court designation.

This is the second appeal of this case. The former opinion is reported as City of Ardmore v. Knight, Okl., 270 P.2d 325, 329. In the former appeal this Court reversed the action of the trial court and directed that the judgment be reversed "with directions to render judgment for the plaintiff vesting title to the land in the City of Ardmore, subject to reversion to the original owner if and when it ceases to be used for the purposes for which dedicated, to-wit, park purposes." A rehearing was denied the defendants on May 4, 1954, and an application for leave to file a second petition for rehearing was denied May 18, 1954. The mandate of this Court was entered May 20, 1954. Thereafter, on May 26, 1954, the defendants filed a Motion to Spread the Mandate of Record in the lower court coupled with a Motion for Judgment for the Defendants, and on the same day the plaintiff filed a Motion to Spread the Mandate of Record and Motion for Judgment for the Plaintiff. The defendants filed a Reply to plaintiff's motion. On the 17th day of June, 1954, the district court entered a Journal Entry rendering judgment for the plaintiff in conformity with the opinion of this Court and an Order overruling the motion of the defendants. On June 19, 1954, the defendants filed a Motion for a New Trial which was overruled on January 21, 1955, and the defendants' appeal was perfected from the Order overruling the Motion for a New Trial.

The function of a Motion for a New Trial is to open the way for an examination of errors occurring in the trial upon issues of fact. Where the hearing is to enter judgment conforming to the directions of this Court's opinion and mandate, there are no facts to be determined unless factual issues are left undecided by this Court's opinion. This case was not reversed for a new trial nor were any questions of fact left open for determination by the trial court. Here, the trial court was merely performing the more-or-less ministerial function of rendering the exact judgment directed by this Court. No new trial was necessary to review its action. The judgment pursuant to the mandate of this Court, and the Order overruling defendants' Motion, were entered on June 18, 1954. The Petition in Error was not filed until April 9, 1955. This was not within the time allowed by statute. The lodging of an appeal within the time authorized by statute is jurisdictional and this question may be raised at any time by the court on its own motion. When the filing and determination of a motion for a new trial is unnecessary such motion does not extend the time in which to file the appeal. Durham v. Sharum, 203 Okl. 426, 222 P.2d 1029; Burgin v. Mid-Continent Petroleum Corp., 188 Okl. 645, 112 P.2d 802.

Appeal dismissed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Nease and approved by Commissioners Crawford and Reed, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., and CORN, HALLEY, JACKSON and HUNT, JJ., concur.

WILLIAMS, V. C. J., and WELCH, DAVISON and BLACKBIRD, JJ., concur in result.