Hettie CONYERS, Executrix of the Estate of
Henry Washington Conyers, deceased,
Plaintiff in Error,

v.

Marian Rae CONYERS, Henry W. Conyers,
Jr., Frank R. Billingslea, Margaret Bil-
lingslea, Freddie Luccock and Hettie A.
Conyers, in her individual capacity, De-
fendants in Error,

Frank R. Billingslea and Margaret Billings-
lea, Cross Petitioners in Error.

No. 39846.

Supreme Court of Oklahoma.

March 26, 1963.

On Rehearing Sept. 24, 1963.

M. C. Spradling, Tulsa, for plaintiff in error.

J. E. Ingersoll, Tulsa, for cross petitioners in error.

F. J. Lucas and Spillers, Spillers & Givens, Tulsa, for defendant in error Marian Rae Conyers.

BERRY, Justice.

On January 12, 1960, defendant in error, Marian Rae Conyers, hereafter referred to as "plaintiff", instituted an action against defendant in error, Henry W. Conyers, Jr., hereafter referred to as "defendant", for a divorce, temporary alimony, attorney's fees and a division of property accumulated during the marriage.

Plaintiff in error, hereafter referred to as "executrix", was permitted to intervene in the action. In her plea in intervention she alleged in substance that defendant and his father, Henry W. Conyers, Sr., who was executrix's late husband, were equal partners in a law partnership from 1951 to the latter's death in 1958; that a settlement and accounting of the partnership affairs had never been had; that such an accounting would disclose that defendant was indebted to his father's estate in excess of $30,000.00; that with certain exceptions, property described in plaintiff's petition as having been acquired during her marriage to defendant was paid for with partnership funds; that executrix in her representative capacity claimed a lien on such properties; executrix prayed for an accounting and that a lien be imposed upon certain properties in which plaintiff claimed an interest.

Defendants in error, Freddie Luccock, and cross-petitioners, Frank R. Billingslea and Margaret Billingslea, hereafter referred to collectively as "intervenors", were also permitted to intervene. In their pleas in intervention they asserted title to certain household furniture in which plaintiff asserted an interest.

By appropriate pleadings, plaintiff denied the claims asserted by executrix and the intervenors.

The trial judge to whom the case was assigned stated that he was of the opinion that issues presented by the several pleas in intervention should be referred to a referee. The parties subsequently so stipulated and such was made the order of the court.

On January 30, 1961, the referee filed a report in which he made extensive findings of fact and conclusions of law to which plaintiff timely filed exceptions.

On February 21, 1961, the exceptions so filed were denied, the report of the referee was confirmed and judgment was entered in accordance with the tenor of same. In so far as material, it was found and held that defendant was indebted to the estate of his father in the sum of $29,456.98 as unaccounted-for partnership funds; that defendant had used said sum in acquiring a portion of the properties in which plaintiff claimed an interest; that a lien in a stated amount which aggregated the mentioned sum was allowed on such properties and that intervenors owned designated items of household furniture claimed by plaintiff. Following rendition of the judgment, the trial court made known that he felt that he was disqualified to proceed further in the case.

On February 23, 1961, plaintiff filed a motion for new trial which was sustained on October 13, 1961 by the judge assigned to hear and consider same. The executrix subsequently caused this appeal to be perfected.

In support of her petition in error executrix presents numerous contentions, all of which are countered by plaintiff. Plaintiff contends that the report of the referee and the judgment thereon is contrary to the evidence; that the referee's conclusions of law are contrary to his findings of fact; that his conclusions are contrary to law and that for said reason the trial court did not err in sustaining the motion for new trial.

A majority of the executrix's contentions are based upon the force and effect of the stipulation of the parties and the order of the court referring the case. In so far as material it was stated in the stipulation that the action "may be referred to Lewis C. Johnson, Attorney at Law, whose office is located in the National Bank of Tulsa Building, Tulsa, Oklahoma, for the purpose of making up the issues between all interested parties and to hear and determine all of the issues involved herein, whether of law or fact, pertaining to said partnership accounting and settlement, and for the purpose of making up the issues between all interested parties, and to hear and determine all the issues herein, whether of law or of fact pertaining to the properties and assets owned by, or in the possession of plaintiff and defendant herein and to determine all alimony and property rights as between plaintiff and defendant herein, said referee to make and report findings of fact and conclusions of law thereon, and report a judgment, or judgments thereon, and that the Court may make an order accordingly without notice."

In the order referring the case, this was stated:

"IT IS FURTHER ORDERED that this action be, and the same is hereby referred to Lewis C. Johnson, Attorney at Law, as referee herein, for the purpose of making up the issues between all interested parties and to hear and determine all the issues involved herein whether of fact or of law pertaining to the matters set forth in the above stipulation, and make and report findings of fact and conclusions of law thereon and to report the judgment or judgments thereon."

■ Executrix argues that a motion for new trial was unnecessary and that for said reason the filing thereof did not serve to extend the time within which an appeal could here be lodged from the judgment of the trial court confirming the referee's report; that no timely appeal having been taken, the judgment is final and conclusive. We are unable to agree. It is provided in 12 O.S.1961 § 623, which is a section of a 1941 Act, that "Any party to the action desiring to appeal to the Supreme Court from the ruling or decision of the court on his objections shall file a motion for a new trial with the clerk of the court within three (3) days after the approval by the court of the referee's report."

■ As a procedural statute, the cited section will be liberally construed, and is therefore construed as applying to referred cases where the referee is not ordered to report the evidence as well as to those where he is so ordered.

■ Executrix contends that under the stipulation and order referring the case, plaintiff consented that the actions of the referee should be final and conclusive. This contention has substantial merit. See 45 Am.Jur. "References", Sec. 38, p. 569, and 76 C.J.S. References § 144, p. 266. However, in view of the fact that the stipulation did not contemplate rendition of judgment by the referee, which was done by the court and not the referee, we are inclined to believe that this contention is not well taken. We note that executrix filed a motion below to confirm report of the referee and to enter judgment in accordance with same.

Executrix contends that the evidence presented to the referee is not a part of the record and for such reason could not properly be considered by the trial court in entering judgment or in passing upon the motion for new trial.

Plaintiff contends that under the provisions of 12 O.S.1961 § 620, which section was also a part of a 1941 Act, the evidence was or should be considered by the court. It is provided in the cited statute that "In all actions referred to a referee by the district or superior court, with directions to make findings of fact and conclusions of law and to report the evidence to the court, the referee must file a written report of his findings of fact and conclusions of law and

the transcript of the testimony with the clerk of the court."

■ To our way of thinking, Sec. 620 applies only where the referee is directed to "report evidence to the court" and is inapplicable in cases such as this where such a directive is not made. We are therefore of the opinion that our decisions which were handed down prior to 1941 represent and should be treated as controlling precedent on the issue under discussion.

■ The first paragraph of Kingfisher Improvement Co. et al. v. Board of County Com'rs. of Jefferson County et al., 66 Okl. 220, 168 P. 824, reads as follows:

"Where a referee for the trial of a cause in the district court is not ordered to report the evidence, but is ordered to hear the evidence and report his findings of fact and conclusions of law, the evidence so taken can only be made a part of the record and subject to review by the trial or Supreme Court by having the referee allow and sign a bill of exceptions containing the evidence taken by him. In the absence of such bill of exceptions the court cannot consider the question of the sufficiency of the evidence to support the findings of the referee, and cannot consider the evidence taken before the referee for the purpose of making independent findings therefrom, or for any other purpose."

See also Iralson v. Stang et al., 18 Okl. 423, 90 P. 446; Campbell et al. v. Sherman, 20 Okl. 185, 95 P. 238; and 76 C.J.S. References § 107c, p. 245.

In the instant case a bill of exceptions was not presented to nor allowed by the referee and for said reason neither the court below nor this Court can properly consider the question of whether the evidence supports the findings of fact of the referee. In fact, the testimony heard by the referee had not been transcribed at the time he filed his report. For reasons stated it was not the trial court's privilege to consider the evidence in rendering judgment nor in passing upon the motion for new trial nor is such our privilege in considering such court's action.

■ Plaintiff asserts that the referee's conclusions of law are contrary to and are not sustained by his findings of fact. Since the referee's report was, at all times, a part of the record properly before the trial court, we are of the opinion that it was the trial court's privilege and duty to determine whether the referee's conclusions of law were contrary to and unsupported by the findings of fact,—therefore, whether the report shows that the referee erred as a matter of law.

In support of plaintiff's last mentioned contention, plaintiff says that the referee found that certain property had been purchased with partnership funds and that a lien should be impressed thereon in the amount of the funds so expended; that as to other property "part of the money expended upon the city property could just as easily have come from defendant's legitimate portion of his partnership earnings as well as from his overdraft and withdrawal of partnership funds" and for said reason a lien was not imposed upon such properties; that the referee concluded as a matter of law that property acquired with partnership funds is partnership property; that defendant was liable to the estate of his father for partnership funds "appropriated and converted to" defendant's use; that a lien should be imposed on property purchased from partnership funds. Plaintiff says that since the referee did not find that defendant "was guilty of misappropriation of the partnership funds or malfeasence", the finding of facts did not sustain the conclusions of law.

Plaintiff, citing Lyons et al. v. Lyons et al., 182 Okl. 108, 76 P.2d 887; 68 C.J.S. Partnership § 88, p. 528, and other authority asserts that if a partner uses partnership funds to purchase property with the consent of the other party the former does not hold in trust for nor does the latter have a lien on the property. In support of·said argument, plaintiff refers to and analyzes evi-

dence tending to sustain her contention that defendant's father acquiesced in defendant's retaining or withdrawing funds in excess of his share of the partnership funds; that the father in fact intended that such excess be treated as a loan. As pointed out, the right to consider such evidence does not exist and the question posed is whether the report of the referee shows as a matter of law that he erred in fundamental particulars.

As pointed out in Lyons et al. v. Lyons et al., supra, the presumption lies that property acquired with partnership funds is partnership property. Plaintiff does not contend that there is any specific finding by the referee which serves to negate the mentioned presumption. The referee found as a fact that defendant "overdrew his 50% and owes to the deceased senior partner the sum of 29,456.98." The referee no doubt used the word "overdrew" in the sense that defendant took a greater amount of the partnership funds than he was entitled to take. The use of the phrase "appropriated and converted" in the conclusions of law indicates that the referee intended, in using the word "withdrew", that it have the connotation above indicated.

We are of the opinion that material inconsistencies in the finding and conclusions of the referee do not exist; that the conclusions are not contrary to his findings and that the report does not on its face show that the trial court erred as a matter of law in confirming report and rendering judgment in accordance therewith. For reasons stated it cannot be said that the judgment is contrary to law and erroneous. We are therefore convinced that the trial court erred in sustaining plaintiff's motion for new trial.

Reversed with directions to vacate order granting a new trial and in lieu thereof enter an order denying same.

DAVISON, JOHNSON, JACKSON and IRWIN, JJ., concur.

BLACKBIRD, C. J., and WELCH and WILLIAMS, JJ., dissent.

## SUPPLEMENTAL OPINION ON REHEARING

### PER CURIAM.

In her petition for rehearing, the plaintiff reasserts that the record of the proceedings before the Referee was made a part of the record herein at a hearing on the motion for new trial held in July, 1961, and subsequent to the entry of the judgment on the accounting feature, by stipulation of the parties. Assuming, but without deciding, that the proceedings had before the Referee did become a part of the record by stipulation of the parties and the order of the assigned judge at that time, still the same could not have been taken into consideration in passing on the motion for new trial.

The function of a motion for new trial is to open judicial inquiry into errors occurring during the conduct of the trial proceedings. Its office is to invoke the power of a trial court to correct and cure its own errors. See Bishop's Restaurants, Inc., of Tulsa v. Whomble, Okl., 355 P.2d 560, 561; Durham v. Sharum, 203 Okl. 426, 222 P.2d 1029; Burgin v. Mid-Continent Petroleum Corporation, 188 Okl. 645, 112 P.2d 802; and Owen v. District Court of Oklahoma County, 43 Okl. 442, 143 P. 17.

Upon approval of the report of the Referee and the entering of the judgment by the trial court on the accounting feature, the trial proceedings were completed. The proceedings before the Referee were not a part of the record at that time and the assigned judge was therefore precluded from considering any matter on the hearing of the motion for new trial other than the proceedings before the trial court when the judgment was entered.

DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, C. J., and WELCH and WILLIAMS, JJ., dissent.